UNITED STATES, Appellant

v

GERALD L. WHEATLEY, First Lieutenant, U. S. Army, Appellee

10 USCMA 537, 28 CMR 103

First Lieutenant Jay D. Fischer and Lieutenant Colonel James G. Mc-Conaughy argued the cause for Appellant, United States. With them on the brief was First Lieutenant Wade H. Sides, Jr.

Lieutenant Colonel W. H. Blackmarr argued the cause for Appellee, Accused. With him on the brief was Colonel James Garnett.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was brought to trial on six specifications alleging, variously, assault, mistreatment of basic trainees, and conduct unbecoming an officer and gentleman, in that he permitted noncommissioned officers to require that trainees perform improper acts as punishment. He was convicted of two of the six charges and sentenced to be reprimanded and a fine of $1,000.00. A board of review set aside the findings of guilty and dismissed the charges. The Judge Advocate General of the Army has asked us to review the correctness of the board of review's action as regards the following:

"A. Under the facts which the board found were established beyond a reasonable doubt with respect to Additional Charge I and its specification, was the board of review correct as a matter of law in determining that it could not affirm the findings of guilty thereof?

"B. Was the board of review correct in determining that the specification of Additional Charge III does not furnish sufficient factual information on which [to] base an imputation of criminality to the accused?

"C. Under the facts which the board found were established beyond a reasonable doubt, was the board of

review correct in determining as to Additional Charge III and its specification that as a matter of law it could not affirm a finding of guilty of an offense under the Uniform Code of Military Justice?"

Among the assignments of error set out by the accused's appellate counsel before the board of review was one challenging the sufficiency of the evidence to support the findings of guilty. The board of review noted in its opinion that it regarded this assignment as one which had "substance." It reviewed the evidence in detail and concluded as to Additional Charge I that the "evidence of record" did not establish the accused's guilt "as a matter of fact or of law within the purview of Article 93." In regard to Additional Charge III, the board of review said the situation was one of the "shadow areas" in which it was difficult to distinguish between permissive administrative action and improper disciplinary action.[1] It held that on the evidence it was not prepared to say the accused was "so derelict in his duty" as to be guilty of conduct unbecoming an officer and gentleman by permitting a sergeant to detail a recruit, who had been assigned to the unit mess and who "had just committed a breach of discipline, to

[1] See United States v Vaughan, 3 USCMA 121, 11 CMR 121.

538

clean a grease trap" by descending into it.

From the form of the certified questions, it would appear that The Judge Advocate General concluded the board of review dismissed the charges on the ground of legal, rather than factual, insufficiency. As we read the opinion of the board of review, the sufficiency of the evidence to support each charge was decided as a factual matter. On that basis the only question for our consideration is whether the board of review acted arbitrarily and capriciously in reaching its conclusions. Our reading of the record convinces us the board of review did not abuse its discretion.[2] Accordingly, to the extent that questions "A" and "C" of the certificate ask whether the evidence is sufficient to support the decision of the board of review, we answer them in the affirmative. As a question of law, question "B" is moot since the board of review expressly held that the "evidence of record" also did not provide "sufficient factual information on which . . . [it could] base an imputation of criminality," as distinguished from careless and thoughtless conduct, on the part of the accused. We need not, therefore, answer the question.[3]

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.

---

[2] United States v Hendon, 7 USCMA 429, 22 CMR 219; United States v Moreno, 6 USCMA 388, 20 CMR 104; see also United States v Judd, 10 USCMA 113, 27 CMR 187.

[3] See United States v Fisher, 7 USCMA 270, 22 CMR 60.