UNITED STATES, Appellant

v

LEON F. LAMPHERE, Seaman, U. S. Navy, Appellee

16 USCMA 580, 37 CMR 200

No. 19,728

March 24, 1967

*Commander Walter F. Brown,* USN, argued the cause for Appellant, United States.

*Lieutenant Commander George E. Goodwin,* USN, argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Clinton F. Raymond,* USNR.

Opinion of the Court

KILDAY, Judge:

Appellee was arraigned before a general court-martial convened at Headquarters, Commander, U. S. Naval Forces, Japan, Yokosuka, Japan, charged with unauthorized absence, missing movement, two specifications of robbery, two specifications of housebreaking, attempted wrongful appropriation, and four specifications of forgery, in violation of Uniform Code of Military Justice, Articles 86, 87, 122, 130, 80, and 123, 10 USC §§ 886, 887, 922, 930, 880, and 923, respectively. He pleaded not guilty to all charges and specifications thereunder. He was found guilty of all except for a single specification under Charge II alleging missing movement, in violation of Uniform Code of Military Justice, Article 87, 10 USC § 887. He was sentenced to confinement at hard labor for one year, total forfeitures, and reduction to pay grade E–1. The convening authority approved the findings and sentence. However, a board of review in the office of the Judge Advocate General of the Navy found that Lamphere had been deprived of a speedy trial and, as a consequence, set aside both the findings and sentence and dismissed the charges.

The Judge Advocate General of the

Navy has certified the case to this Court pursuant to Code, supra, Article 67 (b)(2), 10 USC § 867. He poses the issue:

Was the board of review correct in holding that the accused was unreasonably denied his right to a speedy trial?

The issue of speedy trial was raised in this case at its very inception by the accused, through counsel, who unsuccessfully moved to dismiss the charges on that ground. To paraphrase the board of review, trial defense counsel emphasized the trial did not open until May 16, 1966, yet the latest date of any offense charged against appellee was December 3, 1965—also the date of apprehension. All offenses occurred in Yokosuka or nearby area, and accused cooperated with the authorities completely. Thus, Government had no investigative or trial problems. Nonetheless, accused remained in confinement from December 3, 1965, to date of trial May 16, 1966, even though he had requested speedy trial, in writing, on March 14, 1966.

The chronology of events, offered by trail counsel to rebut the defense motion, is said by the board of review to instead reflect the delay in bringing the accused to trial. This delay encompassed several periods. Specifically, these are described as the "period of investigation by intelligence agents extending from 3 December, when the accused was apprehended, to 27 January, when a final report was submitted; the period of pre-trial investigation extending from 25 January, when charges were signed, until 29 March when the pre-trial investigation was forwarded to the officer exercising general court-martial jurisdiction; and the period from 30 March, when the officer exercising general court-martial jurisdiction received the pre-trial investigation, until 27 April, when the charges were referred for trial." While other stages of delay were also mentioned, only those enumerated above were treated formally.

Critical examination of all available facts, in reference to the above periods, led to the following assessment.

With regard to the first time-stage, the board of review concluded, but for one exception, all documentary evidence had been collected by intelligence agents and all criminal laboratory work had been completed and was available by December 16, 1965. A preliminary report was submitted and received by the interested Naval Command shortly thereafter.

Although the reviewing intelligence agent disagreed, the officer in charge of the intelligence activity considered the investigation of this case "a simple one" for the accused was apprehended in short order, was readily identified, and cooperated fully with the authorities by giving details and providing investigative leads.

In sum, the board of review held the view, after carefully considering the evidence, that the chronology did not satisfactorily explain the delay in the initial investigation.

The period covering the pretrial investigation was examined by the board of review with the same circumspection.

Here, it was noted, final charges were not drafted or dispatched until January 27. The final report by the Office of Naval Intelligence was not received in the office of the Forces Afloat Legal Officer until February 3. Until then it was not available to the pretrial investigative officer.

Belatedly, on February 14 or 15, this officer's preliminary report on the Article 32 proceeding was reviewed. It was then decided a neuropsychiatric evaluation of the accused was needed. Deemed noteworthy was the time lapse between the initial request and the receipt on March 10, 1966, of such an evaluation. Had there been some indication of urgency in this regard, the accused could have been examined the day after the request was initiated with the finalized evaluation following in a few days.

Of concern, too, was the two-week span between the availability of the psychiatric material and the forwarding of the Article 32 investigation to the convening authority on March 29, especially when considered along with the

fact the accused had requested speedy trial on March 14, after having been in confinement in excess of three months.

Under such circumstances, the board of review found "the time which elapsed between the middle of February and the latter part of march [sic], some six weeks, to be excessive and not fully and satisfactorily accounted for by the Government."

Finally, attention was focused on the period March 30 to April 27, 1966. For the same approximate period the staff legal officer involved in this case was absent on temporary duty. In turn, the officer, acting in his stead, departed the area on a permanent change of station on the opening day of trial. With such potential witnesses being unavailable, the board of review found it difficult to make any assessment of the delays during this period from the testimony given by others. It was noted, however, the pretrial advice, of but seven typewritten pages, carried the date April 22, 1966. The charge sheet indicated the case was referred to trial on April 27, and accused receipted for the charges on May 5.

Such circumstances, the board of review found, did not satisfactorily account for that period of time which ensued from receipt of the pretrial investigation by the convening authority until referral of the charges for trial.

Government, of course, insists Lamphere was not deprived of any right. It is said the speedy trial clause of the Sixth Amendment to the Constitution of the United States[1] does not apply in trials by court-martial; only the "spirit" of this constitutional provision extends to the military by way of Code, supra, Articles 10[2] and 33,[3] 10 USC §§ 810 and 833. Cf. United States v Brown, 10 USCMA 482, 28 CMR 48. In neither instance is it believed these codal provisions are violated. Appellant suggests the eight-day requirement, under the latter, announces "a flexible time limit," while, under the former provision, immediate steps were taken to inform the appellee of the specific wrongs of which he was accused and thereafter immediate steps were taken to try him.

However, continues the argument, assuming the existence of "technical" violations of the Uniform Code, this record of trial does not evidence any willful, purposeful, vexatious or oppressive delay that would operate to appellee's substantial prejudice. We are thus asked to overturn the decision of the board of review. This we will not do.

It is quite evident the certificate for grant of review is grounded in the belief the board of review dismissed these charges on a legal, as distinguished from a factual basis. Indeed, the Government subscribed to this point of view, now supported by supplemental brief, in response to such a query posed during oral arguments. In its sphere, this is a proper appellate standard but here it is not applicable. We believe just the converse reflects the true state of this record. It appears evident to us the board of review independently screened, weighed, and evaluated the facts surrounding this issue. This was not simply an examination of the law officer's ruling. United States v Davis,

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ."

[2] "Any person subject to this chapter charged with an offense under this chapter shall be ordered into arrest or confinement, as circumstances may require; but when charged only with an offense normally tried by a summary court-martial, he shall not ordinarily be placed in confinement. When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him."

[3] "When a person is held for trial by general court-martial the commanding officer shall, within eight days after the accused is ordered into arrest or confinement, if practicable, forward the charges, together with the investigation and allied papers, to the officer exercising general court-martial jurisdiction. If that is not practicable, he shall report in writing to that officer the reasons for delay."

11 USCMA 410, 29 CMR 226. Where the board of review decision is rooted solely in findings of fact and where there is a substantial basis for the board of review's action in favor of the accused—as there is in this case—we are not inclined to disturb its finding. Cf. United States v Moreno, 6 USCMA 388, 20 CMR 104; United States v Hendon, 7 USCMA 429, 22 CMR 219; United States v Wheatley, 10 USCMA 537, 28 CMR 103; United States v Remele, 13 USCMA 617, 33 CMR 149.

Accordingly, the certified issue is answered in the affirmative. The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.