JOHN L. GALE, Master Sergeant,
U. S. Army, Petitioner

v

UNITED STATES, Respondent

17 USCMA 40, 37 CMR 304

Miscellaneous Docket No. 67–2

May 12, 1967

*Cypert O. Whitfill, Esquire,* argued the cause for Petitioner. With him on the brief were *T. Carroll Brown, Esquire,* and *Captain John G. Verkamp.*

*Captain Joel P. Schiff* argued the cause for Respondent. With him on the brief were *Colonel Peter S. Wondolowski* and *Lieutenant Colonel David Rarick.*

### Opinion of the Court

FERGUSON, Judge:

On June 25, 1966, the accused, an Army master sergeant, stationed at Aberdeen Proving Ground, Maryland, was confined in the post stockade at Fort George G. Meade, Maryland. No charges were preferred against him until August 19, 1966. On that date, he was charged with carnal knowledge, in violation of Uniform Code of Military Justice, Article 120, 10 USC § 920. Various events transpired thereafter, and a general court-martial was convened to hear the case on January 10, 1967. Following Sergeant Gale's arraignment, his counsel moved to dismiss the charge on the basis that accused had been denied a speedy trial and had, in any event, been improperly confined. Following an extensive hearing into the matter, the law officer dismissed the charges, "based on all the facts and circumstances, including the delays and actions by various persons which impeded, to some extent, the defense counsel in preparing a defense,

but especially it is based on the failure by responsible officials to give proper consideration to the need for pretrial confinement in this case."

On February 15, 1967, pursuant to an order of the convening authority, the court-martial reconvened. Purporting to act under the provisions of Code, supra, Article 62, 10 USC § 862, the convening authority ordered the law officer to reconsider his ruling, and the trial to proceed. Such action, it is said, was taken despite the law officer's findings of fact and the limitation on the convening authority's acting in such respect to matters of law. Cf. Manual for Courts-Martial, United States, 1951, paragraph 67*f*; United States v Lamphere, 16 USCMA 580, 37 CMR 200; United States v Williams, 16 USCMA 589, 37 CMR 209. The convening authority, however, construed the law officer's ruling as one of law only, and directed further action accordingly.

The law officer, construing the order

**41**

of the convening authority as an appellate reversal of his dismissal of the charges, directed that trial proceed. In reversing his former action, he scrupulously adhered to his previous findings of fact and conclusions of law, but stated he believed he had no other choice than to comply with the convening authority's directive. Cf. United States v Johnpier, 12 USCMA 90, 30 CMR 90; concurring opinion of Chief Judge Quinn, United States v Turkali, 6 USCMA 340, 20 CMR 56.

From this action of the convening authority and the law officer, which has resulted in reinstitution of the dismissed charges and probable trial thereon, the accused has taken the extraordinary step of direct appeal to this Court, seeking a certification of the record here and prohibition of his further prosecution on the grounds that the convening authority's intervention and order were unwarranted and a denial of due process of law. As the Government filed with this Court an authenticated record of the proceedings had thus far in the case, petitioner on oral argument abandoned his request for *certiorari* and now desires only that we uphold the law officer's original dismissal of charges.

## I

At the outset, we are met with a contention by the United States that accused's petition should be ▆▆▆▆ ▆ dismissed for want of jurisdiction in this Court to grant extraordinary relief to an accused prior to the return of findings and sentence in a court-martial and the approval thereof, in whole or in part, by the convening authority and a board of review. We disagree with the limitations which would thus be set on our power and express no doubt that, in an appropriate case, we have the authority to grant extraordinary relief to one accused of crime in the armed services, though his trial be not completed.

True it is that the basic charter of this Court's powers is Code, supra, Article 67, 10 USC § 867, and that such Article provides "the Court of Mili-

tary Appeals may act *only* with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law" (emphasis supplied), but this proviso does not purport to act as a jurisdictional prohibition against granting extraordinary relief at an earlier stage of criminal proceedings against an accused. Its purpose is to limit our review in cases properly before us to questions of law. House Report No. 491, 81st Congress, 1st Session, page 32; United States v Lamphere, supra; United States v Remele, 13 USCMA 617, 33 CMR 149; United States v Wheatley, 10 USCMA 537, 28 CMR 103. On the other hand, the same Article indicates the intent of Congress to confer upon this Court a general supervisory power over the administration of military justice. Thus, among other things, we are directed to examine the operations of the Uniform Code and report annually to the Congress thereon. Code, supra, Article 67 (g). And Congress, in creating this Court, made it, in the words of the United States Court of Appeals, "a court in every significant respect, . . . [which] in its dignity and in its standards of administering justice . . . should be assimilated to and equated with the established courts of the Federal system." Shaw v United States, 209 F2d 811 (CA DC Cir) (1954), at page 813.

We have never doubted the extent of our authority over military criminal proceedings. In United States v Rinehart, 8 USCMA 402, 24 CMR 212, we exercised our general supervisory powers to direct discontinuance of use of the Manual for Courts-Martial, supra, in *future* cases, expressly noting we were prospectively "molding military practice by way of adjudication." *Rinehart*, supra, at page 409. While we denied this Court was one of "original jurisdiction with general, unlimited powers in law and equity," we nevertheless have pointed out it had "incidental powers, the limits of which, . . . we have not attempted to define," ancillary to the appellate review of a court-martial proceeding. In re Taylor, 12 USCMA 427, 31 CMR 13,

at page 430. Finally, in United States v Frischholz, 16 USCMA 150, 36 CMR 306, we unequivocally declared our jurisdiction extended beyond the ordinary appellate review of courts-martial. We held this Court came within the purview of the All Writs Act, 28 USC § 1651. We added, at page 152:

"The All Writs Act merely makes 'explicit the right to exercise powers implied from the creation of such courts.' Reviser's Note, Historical and Revision Notes, 28 USC § 1651. See United States v Morgan, 346 US 502, 506, 98 L ed 248, 74 S Ct 247, footnote 6 (1954). The fact that a court is empowered by Congress to act only in a specially defined area of law does not make it any the less a court established by Congress. Glidden Co. v Zdanok, 370 US 530, 561, 8 L ed 2d 671, 82 S Ct 1459 (1962). Part of our responsibility includes the protection and preservation of the Constitutional rights of persons in the armed forces. Burns v Wilson, supra; see also Chief Justice Warren, 'The Bill of Rights and the Military,' 37 New York University Law Review 182 (1962). We entertain no doubt, therefore, that this Court is a court established by act of Congress within the meaning of the All Writs Act. Consequently, the Government's motion to dismiss the accused's petition because this Court lacks jurisdiction to grant relief is denied."

We conclude, therefore, that, in an appropriate case, this Court clearly possesses the power to grant relief to an accused prior to the completion of court-martial proceedings against him. To hold otherwise would mean that, in every instance and despite the appearance of prejudicial and oppressive measures, he would have to pursue the lengthy trial of appellate review—perhaps even serving a long term of confinement—before securing ultimate relief. We cannot believe Congress, in revolutionizing military justice and creating for the first time in the armed services a supreme civilian court in the image of the normal Federal judicial system, intended it not to exercise power to grant relief on an extraordinary basis, when the circumstances so require. We hold it did so endow us and the Government's contention to the contrary is ill-founded. United States v Frischholz, supra; Shaw v United States, supra.

## II

Is this, then, an appropriate case in which to interfere in the normal trial processes and grant the ▪ extraordinary remedy for which prayer is made by the accused? We think not, and base our conclusion on the following considerations.

The chief matter in issue here is the binding effect of the law officer's ruling regarding denial to accused of a speedy trial and illegal pretrial confinement. On oral argument, we were informed the accused has been released from confinement, and we are certain, absent a change in circumstances, that he will not again be imprisoned pending disposition of this matter. The Government has indicated that the outcome of the case on the merits is uncertain. Reference to the record of the proceedings thus far had would indicate some basis for its speculation. The proceedings now pending against the accused are not void for want of jurisdiction, but merely involve a question whether the law officer's ruling was final and binding on the issues presented. Cf. Crittenden v Town of Booneville, 92 Miss 277, 45 So 723 (1908); Evans v Willis, 22 Okla 310, 97 Pac 1047 (1908). In short, what has happened here is not too far different from an appellate reversal, correct or otherwise, of a ruling on a preliminary motion to dismiss the charges. Compare 18 USC § 3731 and United States v Blue, 384 US 251, 16 L ed 2d 510, 86 S Ct 1416 (1966).

The remedy sought from this Court is extraordinary in nature, and it is incumbent upon the accused to demonstrate that the ordinary course of the case through trial and appellate channels is not adequate. As was stated by Judge Brosman, in United States v

**43**

Knudson, 4 USCMA 587, 16 CMR 161, at page 595:

". . . Being extraordinary remedies, writs of mandamus 'are reserved for really extraordinary causes.' Ex parte Fahey, 332 US 258, 91 L ed 2041, 67 S Ct 1558. The possible inconvenience of proceeding to an unnecessary trial does not justify the use of mandamus. Gulf Research & Development Co. v Harrison, 185 F2d 457 (CA 9th Cir)."

Boiled down, the accused's basis for seeking relief at this time is the inconvenience to which he is being subjected by the resumption of his trial. As we have noted, however, such is usually not the ground for resort to extraordinary judicial measures. United States v Knudson, supra; Annotation, 141 ALR 1262. The law does not favor piecemeal appeals. Cobbledick v United States, 309 US 323, 84 L ed 783, 60 S Ct 540 (1940); United States v Papciak, 7 USCMA 224, 22 CMR 14; United States v Best, 4 USCMA 581, 16 CMR 155. Here, the accused has been freed from confinement and there is no reason to suppose it will be again imposed. If it is, our doors remain open for reconsideration of the matter. Whether a conviction will result is uncertain, and, in the event such transpires, we have had no consideration called to our attention which justifies our extraordinary intervention. We believe this is a case which should proceed through the normal convening authority-board of review channels before coming here. Either of those bodies may moot the issue before us. Cf. United States v Lamphere, United States v Williams, both supra. We conclude, therefore, that this is not an appropriate case in which to grant the relief prayed for.

In so acting, it should be made quite clear that we pass not here on the merits of the accused's claim, nor do we express any approval of the convening authority's action in the proceedings. These matters must await resolution until when and if the accused is convicted and such conviction survives to this level.

The motion by the United States to dismiss accused's petition and accused's petition for extraordinary relief are denied.

Chief Judge QUINN and Judge KILDAY concur.