UNITED STATES, Appellant

v

BARRY P. SMITH, Private,
U. S. Army, Appellee

17 USCMA 427, 38 CMR 225

No. 20,652

March 1, 1968

*Captain Salvatore A. Romano* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major John F. Webb, Jr.*

*Captain Ray R. Williams, Jr.,* argued the cause for Appellee, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker,* and *Captain Anthony F. Cilluffo.*

## Opinion of the Court

KILDAY, Judge:

The accused was arraigned before a general court-martial convened at Fort Hood, Texas, charged with wrongfully having in his possession and twice wrongfully using marihuana, all in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He pleaded guilty and was found guilty as charged. He was sentenced to a dishonorable discharge, confinement at hard labor for two years, and total forfeitures. The convening authority approved confinement at hard labor for six months, forfeiture of $50.00 per month for six months, and a bad-conduct discharge, suspended for the period of confinement and six months thereafter with provision for automatic remission. Thereafter, by general court-martial order, dated August 8, 1967, the unexecuted portion of the sentence of confinement at hard labor for six months was suspended for two months with provision for automatic remission.

The board of review, in turn, dismissed the charge and the accompanying specifications for lack of speedy trial and denial of military due process. It subsequently rejected Government's motion for reconsideration by adhering to the original holding.

The Judge Advocate General of the Army, relying upon his prerogative found in Article 67(b)(2) of the Uniform Code, supra, 10 USC § 867, has now certified to this Court two related issues. They are:

1. Was the board of review correct in determining that the accused was denied a speedy trial

428

premised on the conclusion of law that restriction to post is equivalent to arrest, making the Government accountable for the period of restriction.

2. Was the board of review correct in dismissing the charges for denial of speedy trial without determining whether the accused was in fact prejudiced by the delay when the delay was not so inordinate as to permit a presumption of prejudice and trial defense counsel specifically acknowledged that the accused was not, in fact, prejudiced.

At the outset of this trial—after arraignment but before the entering of a plea—defense counsel, in behalf of Private Smith, interposed a motion to dismiss premised upon the grounds that accused had been denied his right to speedy trial and deprived of military due process. In support of this action, he supplied a chronology of events showing that on November 30, 1966, Smith was restricted to the limits of Fort Hood after a vegetative substance believed to be marihuana was seized from his possession by agents of the Criminal Investigations Detachment. Between December 10 and 12, 1966, this material was received for analysis by the CID laboratory at Fort Gordon, Georgia. On January 2, 1967, and on at least one other occasion during this same month, telephonic inquiry was made as to the status of the laboratory work. The expected laboratory evaluation was not received at Fort Hood until February 2. Seven days later a CID report was typed and forwarded to the Post Provost Marshal who received it on February 14. Shortly thereafter, about the 18th or 20th of February, this document arrived at the appellee's unit. During the succeeding eight days, the unit copy of the report was sent to the battalion commanding officer who, in time, returned it to the parent organization.

When the charge was perfected and forwarded on March 9, 1967, the appellee was so informed and the Article 32 investigation was ordered. Because of the unavailability of counsel, the investigation was delayed until March 15. On that date the assembly met. The resulting investigative report was forwarded to the convening authority on the following day. The staff judge advocate's advice is dated March 24. On the 27th, the charge was referred to trial and served on the accused. It was later rereferred to a new general court-martial on April 14. On the 18th, trial was held.

The board of review, appraising the allegation that accused had been denied military due process and right to speedy trial, gave an affirmative response to the question of whether restriction constituted restraint "in fact" so as to effectuate Articles 10 and 33, Uniform Code of Military Justice, 10 USC §§ 810 and 833. Gauged first, was the breadth of United States v Williams, 16 USCMA 589, 37 CMR 209. Concerned with the same purported deprivations, we there equated restrictions in the company area to an arrest within the meaning of Article 9(a) of the Code, supra, 10 USC § 809. This particular portion of Article 9 defines arrest as the "restraint of a person by an order, not imposed as a punishment for an offense, directing him to remain within certain specified limits."

United States v Haynes, 15 USCMA 122, 35 CMR 94, was also examined, though this Court's primary concern was then directed to the lawfulness of the restriction forming the basis for a charge of breach of restriction. That opinion, nevertheless, included the averments that "Restriction is a restraint on the liberty of an individual," and that "Restriction to quarters or to barracks is in fact arrest." Id., at page 124.

Having once considered these cases, the board of review thereupon rejected appellate Government counsel's attempt to factually distinguish the case at hand. Recognizing the embodiment of Article 9(a), supra, the board of review resolved the inquiry in favor of Smith saying that "restriction of the accused to the post is, in fact, the same as arrest and the Gov-

ernment is fully responsible for delays while the accused was so restricted prior to preference of charges."

The Judge Advocate General of the Army has obviously treated this passage of the board of review opinion— a determination that restriction to post is arrest—as a matter of law. Appellate counsel, both Government and defense, limited by the tenor of the question, were apparently constrained to accept this basic premise as an absolute. Therefore, both have approached the issue restricted by this limited view. We disagree.

There is every reason to interpret the board of review's action in light of the question initially ▬▬▬▬▬ posed. We are compelled to believe that when asked if accused's restriction constituted restraint "in fact," the board's response was intended to answer that limited inquiry and no more. The preciseness of the phraseology utilized appears indicative. Particularly so when, throughout its opinion, the board of review repeatedly emphasized its fact-finding capacity. Thus, after an itemizing of the delays in this case, denial of due process and right to speedy trial was found "as a matter of fact." In short, we are not persuaded that the board of review's opinion intended other than a factual determination of the question then before it. Accordingly, under the particular circumstances of this case, the first certified issue is answered in the affirmative, for "Where the board of review decision is rooted solely in findings of fact and where there is a substantial basis for the board of review's action in favor of the accused —as there is in this case—we are not inclined to disturb its finding. Cf. United States v Moreno, 6 USCMA 388, 20 CMR 104; United States v Hendon, 7 USCMA 429, 22 CMR 219; United States v Wheatley, 10 USCMA 537, 28 CMR 103; United States v Remele, 13 USCMA 617, 33 CMR 149." United States v Lamphere, 16 USCMA 580, 583, 37 CMR 200.

Turning to the second certified issue, the Judge Advocate General of the Army challenges the ▬▬▬▬▬ correctness of the board of review's dismissal of the charge against this accused. Its action stems from a finding that the "delays in preferring charges were unreasonble and oppressive." The board of review, in so holding, acted well within its statutory authority. Article 66, Uniform Code of Military Justice, 10 USC § 866. There is also conformity with the guidelines established by this Court.

On a previous occasion we asserted:

". . . the prosecution is required to show the full circumstances of the delay. Of course, an accused is not automatically entitled to a dismissal of all charges against him. Rather, the law officer must decide, from all the circumstances, whether the prosecution has proceeded with 'reasonable dispatch.' United States v Callahan, 10 USCMA 156, 27 CMR 230." [United States v Brown, 10 USCMA 498, 503, 28 CMR 64.]

Application of this standard is to be found in United States v Williams, supra. Compare United States v Parish, 17 USCMA 411, 38 CMR 209, where charges were dismissed even though accused had pleaded guilty to a lesser included offense. Cf. United States v Lamphere, supra. Accordingly, the certified issue is answered in the affirmative.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

I reject the idea, which manifestly underlies the decision of the board of review, that restriction to the limits of the entire post is such restraint upon a person as to impose upon the Government the obligation to proceed with reasonable dispatch to investigate an offense of which he is suspected and bring him to trial thereon. I do not believe that a restriction of this kind is within the contemplation of the Article 10 provision relating to

persons "placed in arrest or confinement prior to trial." Consequently, in my opinion, the Government is not accountable for any alleged delay in its investigation during the period from November 30, 1966, when the investigation was begun, to March 9, 1967, when charges were preferred and the accused informed thereof. United States v Feinberg, 383 F2d 60 (CA2d Cir) (1967), certiorari denied, — US —, 19 L ed 2d 836, 88 S Ct 788. All proceedings subsequent to the filing of charges and the date of trial were completed with reasonable dispatch. I would, therefore, reverse the decision of the board of review, and return the record of trial to it for further consideration.