UNITED STATES, Appellee

v

JAMES F. WHITE, JR., Boilerman Fireman,
U. S. Navy, Appellant

17 USCMA 462, 38 CMR 260

No. 20,671

April 5, 1968

*Lieutenant David E. Miller,* USNR, argued the cause for Appellant, Accused.

*Lieutenant Steven A. Weidner,* USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel C. R. Larouche,* USMC.

## Opinion of the Court

FERGUSON, Judge:

Tried before a special court-martial convened at the U. S. Naval Air Station, Corpus Christi, Texas, the accused pleaded guilty to two specifications of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and one of breach of restriction, in violation of Code, supra, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, forfeiture of $86.00 per month for six months, confinement at hard labor for six months, and reduction. The convening authority approved the sentence. The supervisory authority reduced the amount of forfeitures and confinement, but otherwise approved the sentence. The board of review affirmed, and we granted accused's petition for review upon the issue whether accused was denied due process by the board of review's refusal to ascertain the reasons for an unexplained delay of five months in bringing the accused to trial on one of the specifications charged.

The accused initially absented himself without leave on September 21, 1966, and was returned to military control on December 8, 1966. On his arrival at Corpus Christi, he was restricted to Barracks 76 and was ordered to have a psychiatric interview with the base psychiatrist. He missed his first appointment but made a second one thirty days later. A report of that interview indicates it occurred on March 14, 1967.

According to the staff legal officer's post-trial review, accused was placed in restriction on January 3, 1967. He remained in that status until May 6, 1967, on which date he began his second period of unauthorized absence. Indeed, the breach formed the basis for one of the charges to which accused pleaded guilty at this trial.

Despite the foregoing, and in light of the fact that the charge sheet failed to reflect the status of restriction to Barracks 76 during the mentioned period, the board refused to accept defense counsel's contention as to denial of a speedy trial. We disagree. United States v Williams, 16 USCMA 589, 37 CMR 209; United States v Schalck, 14 USCMA 371, 34 CMR 151; United States v Smith, 17 USCMA 427, 38 CMR 225.

In the *Williams* case, supra, the accused was restricted to his company area for one hundred thirty-eight days

of the three hundred eighteen involved in bringing him to trial. We there pointed out that such was, regardless of the label employed, the equivalent of arrest. See also United States v Smith, supra. In *Schalck*, supra, accused was confined for 96 days pending preference of charges. On these facts, we held an issue clearly raised, despite lack of objection below, as to whether the prisoner was denied due process in the handling of the charge against him. Moreover, in United States v Jennings, 17 USCMA 114, 37 CMR 378, we refused to disturb the action of a board of review in reversing and remanding a case wherein four months' confinement preceded the accused's trial.

In the instant case, accused remained in restriction to a barracks from January 3, 1967, until May 6, 1967, a period in excess of four months. Not the slightest explanation has ever been tendered for this untoward delay. The only reference made in the record is that of the accused to an appointment for a psychiatric interview. Yet, that was accomplished on March 14, 1967, and the resultant report submitted two days later. Still, there was no trial of a simple absence charge until accused finally breached restriction fifty-one days later, and then only after his return to military control in July 1967.

On the facts presented, therefore, we find a substantial issue raised by the lengthy, unexplained delay in processing the original charge against the accused, while he was held under close restraint. United States v Schalck, supra; United States v Williams, supra. The board, therefore, on the request of appellate counsel, should have gone into the matter. As it concluded, however, that no issue was raised, we are left with an apparently unconscionable delay in trying the initial charge against the accused and, in light of the circumstances, see no useful purpose in remanding for a further inquiry at this time, when the accused has already served his sentence and little relief can, in reality, be afforded him. Accordingly, we believe that, under the circumstances, the charge affected should be set aside and ordered dismissed.

The findings of guilty of specification 1, Charge I, are set aside, and the specification is ordered dismissed. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The board may reassess the sentence on the remaining findings of guilty.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review. United States v Hounshell, 7 USCMA 3, 21 CMR 129; United States v Lustman, 258 F2d 475 (CA2d Cir) (1958).