**December 27, 1968**

No. 68–20 Terence Hallinan v Commanding Officer Presidio Stockade, CAPTAIN R. S. Lamont; Commanding Officer Presidio of San Francisco, COLONEL R. E. McMahon; Commanding Officer Sixth Army, GENERAL Stanley Larson and Secretary of Defense, Clark Clifford.

Petitioner, as attorney for seventeen prisoners confined to the stockade at the Presidio of San Francisco, has filed this petition for writs of habeas corpus, mandamus and injunctive relief.

The petition avers that each of the seventeen prisoners is awaiting trial by general court-martial on charges of mutiny. The conditions of their confinement are such, it is alleged, that said prisoners are subjected to cruel and unusual punishment in violation of the Eighth Amendment, and deprived of due process and of the opportunity adequately to defend themselves in violation of the Fifth Amendment. Jurisdiction is predicated on 28 USC, Sec. 1651, and Levy v Resor, 17 USCMA 135, 37 CMR 399.

The respondents have submitted a reply to these allegations, and support their position with affidavits which challenge the validity of each averment set out in the petition.

A number of reasons make it unnecessary for us to detail the facts brought forward by the parties or to resolve the factual issues created by the pleadings.

Since there is no contest as to the legality of the confinement itself, the prisoners are not entitled to habeas corpus.

The All Writs Act, 28 USC, Sec. 1651, invoked by the petitioner as the basis for mandamus or injunctive relief provides:

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Under this enactment, this Court is not powerless to act until a record of trial is presented to it pursuant to Article 67, Uniform Code of Military Justice, 10 USC, Sec. 867. Rather, "in an appropriate case, this Court clearly possesses the power to grant relief to an accused prior to the completion of court-martial proceedings against him." United States v Gale, 17 USCMA 40, 37 CMR 304; see also Long v Parker, (3rd Cir., 1968) 390 F2d 816. However, the relief contemplated by the All Writs Act and that sought by the petitioner is extraordinary in nature, and petitioner is required to demonstrate that the ordinary course of the proceedings against the prisoners through trial and appellate channels is not adequate. Gale v United States, supra; United States v Knudsen, 4 USCMA 587, 16 CMR 161. Moreover, it must further appear that the conduct of stockade and the actions of the confinement officials tend to deprive this Court of jurisdiction to review the cases of the prisoners involved in accordance with Article 67 of the Code, supra.

The present petition fails to satisfy these requirements.

Harassment or oppression of a prisoner prior to trial resulting in the denial of the right to a speedy trial, the improper procurement of a confession, the impeding of proper preparation for trial, or otherwise denying due process of law may be remedied by appropriate motions submitted at the trial level. United States v Brown, 10 USCMA 498, 28 CMR 64; United States v West, 12 USCMA 670, 31 CMR 256; United States v Broy, 14 USCMA 419, 34 CMR 199; United States v O'Such, 16 USCMA 537, 37 CMR 157; Gale v United States, supra.

Accordingly, the petition is denied without prejudice to the right to raise the issues presented therein at the trial.