TIMOTHY M. ROBERTSON, Private, U. S. Army, Petitioner

v.

RODERICK WETHERILL, Major General, Convening Authority,
United States Field Artillery Center,
Fort Sill, Oklahoma,

and

C. J. LANDAU, Colonel, USA, Commanding Officer, United
States Army Training Center, Field Artillery,
Fort Sill, Oklahoma, Respondents

21 USCMA 77, 44 CMR 131

*Captain Perry M. Raymond,* counsel for Petitioner.

## Memorandum Opinion of the Court

On consideration of the Petition for Extraordinary Relief filed in the above-entitled action, the following appears:

After a charge of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, had been preferred against the petitioner and referred to trial by special court-martial, an additional charge alleging wrongful sale of marihuana, in violation of the same codal provision, was preferred. Thereupon, the convening authority ordered the original charge withdrawn from the special court-martial, announcing his intention of referring both charges to an investigator pursuant to Article 32, Uniform Code, supra, 10 USC § 832, as a preliminary to a possible recommendation to an appropriate authority for trial by general court-martial.

Petitioner now seeks to enjoin all further proceedings conducted with a view to trial of the charges by general court-martial. He alleges that withdrawal of the original charge from the special court-martial was ordered for improper reasons, *i.e.,* retributive harassment of petitioner because of the vigor displayed by defense counsel on behalf of petitioner during the course of a prearraignment hearing conducted by the military judge of the special court-martial pursuant to Article 39(a), Uniform Code, supra, 10 USC § 839(a). See Petty v Moriarty, 20 USCMA 438, 43 CMR 278 (1971).

We need not detail the full factual basis of petitioner's position. Suffice it to note that the inference petitioner urges with respect to the convening authority's motive is neither fully supported nor wholly dispelled by his allegations.

Two other circumstances must be taken into account. First, at this stage of the proceedings, it cannot be said with any degree of certainty that the Article 32 investigation will disclose evidence supporting the Additional Charge, or that the officer exercising general court-martial jurisdiction will conclude that trial by general court-martial is warranted, or, indeed, that a conviction will result. Thus, our ultimate jurisdiction to review the record of trial is not at all clear. See Gale v United States, 17 USCMA 40, 37 CMR 304 (1967). Secondly, assuming trial by general court-martial is directed, the issue raised by this petition may be asserted before the military judge of that tribunal, and evidence may be presented clarifying the reasons prompting the convening authority's withdrawal action (See Petty v Moriarty, supra; paragraph 33*j*, Manual for Courts-Martial, United States, 1969 (Revised edition)), and an adequate record will be developed for action at that level, and at the various levels of appellate review if necessary.

In view of the foregoing, the petition is denied.

Chief Judge DARDEN would dismiss the petition.