UNITED STATES, Appellant

v

CHARLES D. WALSH, Airman Basic, U. S. Air Force, Appellee

*Major Stark O. Sanders, Jr.,* argued the cause for Appellant, United States. With him on the brief was *Colonel C. F. Bennett.*

*Captain Philip F. O'Neill* argued the cause for Appellee, Accused. With him on the brief was *Colonel G. M. Wilson.*

## OPINION OF THE COURT

DUNCAN, Judge:

The Judge Advocate General of the Air Force certifies for our review a number of questions stemming from pretrial, trial, and post-trial activity as related to Airman Walsh.

### I

Charges of assault and battery and absence without leave were referred to trial by Special Order AE-181 on August 31, 1972. Contrary to the general practice at the Lowry Technical Training Center, on September 9, 1972, after having been in existence approximately 35 days, that court-martial was terminated and a new court was constituted by Special Order AE-182. Only two members of the old court were named to the new court. The appellee's charges were withdrawn from the old and referred to the new tribunal.

The staff judge advocate testified that the court-martial appointed pursuant to Special Order AE-181 had heard three cases wherein the sentences adjudged by the members were believed by him to be inadequate in that they were overly lenient. Convinced that the court was failing to exercise proper discretion, judgment, or judicial temperment, he approached the convening authority and informed him of this concern. The convening authority responded by appointing a new court by the issue of Special Order AE-182. It is stipulated by the parties that the convening authority made his decision to dismiss the old panel and constitute the new panel for the reason "that the first court panel

was excessively lenient in their sentences."

After the new court-martial convened, the accused indicated that he had no motions and entered pleas of guilty. Thereafter, defense counsel moved for relief because of the withdrawal of his case from the first court. Without objection the motion was factually litigated, basically revealing the facts set forth hereinabove. The military judge overruled the motion, and the members proceeded to sentence the accused to a bad-conduct discharge and confinement at hard labor for 2 months. There is no showing that any members of the court were unqualified, partial, or otherwise incapable of producing a fair judgment.

The Court of Military Review found prejudicial error in the withdrawal of the case from the court to which it was originally referred and ordered a rehearing on the sentence. We believe the order is correct.

The propriety of the withdrawal of a case referred to a court-martial has appeared for review before this Court in a number of varying factual situations. In United States v Williams, 11 USCMA 459, 29 CMR 275 (1960), charges were referred for trial, the court convened, and thereafter the charges withdrawn. In another case, charges were withdrawn from one court and referred to another before the first court had convened. United States v Lord, 13 USCMA 78, 32 CMR 78 (1962). In a third case, the charges were withdrawn after arraignment. United States v Fleming, 18 USCMA 524, 40 CMR 236 (1969). The fourth case involved charges which were

referred to a special court-martial, the military judge granted a continuance, and after the defense requested the presence of certain witnesses, the case was withdrawn and referred to an Article 32 investigation. Petty v Moriarty, 20 USCMA 438, 43 CMR 278 (1971). Neither these cases nor the case under review involve withdrawal and re-referral after jeopardy attached. Paragraph 56*b*, Manual for Courts-Martial, United States, 1969 (Rev).[1]

█The case at bar, like the others cited above, does not involve withdrawal after evidence has been taken; therefore, the reason for removal need not appear of record.

> Since the reason for withdrawal of charges from a court before the court is convened need not be set out in the record, it may be presumed, in accordance with the general presumption of regularity that attends official action, that there is a proper reason for the withdrawal. See United States v Greenwalt, 6 USCMA 569, 20 CMR 285 [1955]; United States v Whitley, 5 USCMA 786, 19 CMR 82 [1955].

United States v Lord, supra at 81, 32 CMR at 81.

In United States v Williams, supra, the Court determined that the charges were withdrawn from the original court-martial because of a fear on the part of legal personnel that it would not adjudge an " 'adequate sentence.' " 11 USCMA at 462, 29 CMR at 278. Such a reason was held not good cause for withdrawal. There was no showing of withdrawal for an improper purpose in United States v Lord, supra, but the Court cited *Williams* and distinguished it since in *Lord* there was a failure of proof rebutting the presumption of regularity of the withdrawal. Unlike the appellant's proof failure in *Lord,* the Court in United States v Fleming, supra, found evidence that there was not good cause for withdrawing the case from the original court and that the subsequent trial was invalid. Although Petty v Moriarty, supra, involved a request for extraordinary relief, the convening authority was prohibited from withdrawing a case from a special court-martial without a proper reason after the trial judge had granted a continuance and defense counsel requested certain witnesses.

█Whether the withdrawal has been after the court has convened but before arraignment, as in *Williams,* or after arraignment but before jeopardy attaches as in *Fleming,* or after a judge exercises lawful authority as in *Petty,* or if charges are withdrawn before the convening of the court as in *Lord* and the instant case, charges which have been referred to one court-martial may not be withdrawn and sent to another without a " 'proper reason.' "[2]

█Paragraph 33*j*(1), MCM, specifically requires that there be a proper reason for reference of charges to a court different than that to which they were originally referred. As we stated in *Williams,* fear that a court would not adjudge an adequate sentence "is the very antithesis of good cause." 11 USCMA at 462, 29 CMR at 278. Indeed, Article 37, Uniform Code of Military Justice, 10 USC § 837, requires that a convening authority must accept the sentencing determinations of the court-martial panel convened by him.

Our experience is that even well-trained and seasoned jurists have failed to find mutuality of philosophy of the imposition of criminal sanctions. The apparent evil in withdrawing members for the failure to agree with and act upon a sentencing philosophy of the staff judge advocate and the convening authority is pernicious evil which our system must eschew.

The sentencing flexibility granted to members who face the awesome task of sentencing is intended to accommodate differences of opinion between individual members and court-martial panels. One convicted has the right to have his sentence adjudged by each of the members. If it becomes known, even tacitly so, that

---

[1] Paragraph 56*b* requires that if charges are withdrawn after evidence on the issue of guilt or innocence has been received after a plea has been entered, the reasons shall be stated in the record of trial.

[2] See Petty v Moriarty, supra at 440, 43 CMR at 280.

a court member's longevity on a court is to be limited by how well his sentence judgment fits that of a commander, then the great risk is that an accused may be sentenced by a member who will forego his best judgment and replace it with what he thinks may be palatable to his commander. The existence of that risk is the appearance of evil that must be removed.

■ Appellate government counsel accurately assert that the appellee has failed to demonstrate that he has suffered explicit prejudice. Moreover, appellee has not attacked the qualifications of the members appointed to the court before which he was tried. Ordinarily, then no relief should be given. Furthermore, by wrongfully withdrawing appellee's case from the court to which it originally had been referred, the convening authority did not forfeit his authority to appoint courts-martial. For instance, absent a showing of some other impropriety or lack of qualifications of the persons selected for the various court roles, the court which tried Walsh would have jurisdiction to act in cases referred to them which had not been improperly withdrawn from another court. Therefore, we conclude that there was jurisdiction to try the appellee.

Discovering no specific prejudice, if a rehearing of any sort is afforded, it, of necessity, must be predicated on the concept of general prejudice. This Court has general supervisory power over the administration of military justice. Gale v United States, 17 USCMA 40, 42, 37 CMR 304, 306 (1967). In certain instances where failure to observe recognized standards of proper process is so egregious that important fundamental rights cannot be maintained if the practice is condoned, then we see our duty to act in effort to restore fairness to this appellee and to clearly institutionalize our expectations for future adherence to the standard.

■ The brief and arguments of counsel direct our attention to the results we reached in United States v Williams, supra, where a rehearing on sentence was ordered, and United States v Fleming, supra, where we ruled that since good cause was not shown for withdrawing the case from the panel to which it was originally referred, the subsequent trial was invalid. In *Fleming*, the law officer refused to accept the plea, viewing it improvident. The convening authority of the First Naval District, Boston, Massachusetts, withdrew the case because " 'the evidence necessary to establish the offense charged is not available locally but is available at the situs of the original trial.' " 18 USCMA at 527, 40 CMR at 239. Thereafter, at Camp Pendleton, California, Fleming entered a plea of guilty and was sentenced. The question reviewed was whether the court-martial at Camp Pendleton had jurisdiction.[3] Apparently deciding that there was no jurisdiction, this Court held the trial at Camp Pendleton invalid. However, in United States v Williams, supra, at trial before the second tribunal to which the charges had been referred, Williams also pleaded guilty but only the sentencing part of the proceeding was deemed prejudicial. Now reappraising our position in *Fleming*, it must be clarified. Insofar as Fleming connotes a lack of jurisdiction in the Camp Pendleton court, we now believe there was jurisdiction; however, we deem the resulting disposition of the case correct based on the presence of general prejudice. In *Fleming*, unlike *Williams* and the instant case, the impact of the improper withdrawal compelled Fleming to return to California for trial which he sought to and could have avoided had the case not been improperly withdrawn. Therefore, the force of the convening authority's improper withdrawal transcends the sentencing procedure.

In the case before us the entirety of the withdrawal dispute centers around the sentencing process. There is no indication that the guilty pleas were unintelligent, involuntary, or improvident. Our efforts to supervise the system need not extend to properly conducted trial proc-

---

[3] In United States v Fleming, it is stated:

We granted review on the sole issue of whether the general court-martial, convened at Camp Pendleton, California, had jurisdiction to conduct a rehearing in this case.

18 USCMA at 525, 40 CMR at 237.

ess about which appellee has not complained. In this case the separation of the sentencing procedure is solitary enough to permit us to lend separate treatment to it without harm to the remainder of the adjudication. The Court of Military Review properly ordered a rehearing on sentence.

Paragraph 67*b*, MCM, provides in part that defense objections based on defects in the preferring of charges and reference for trial may be raised by motion for appropriate relief and

> [f]ailure to raise any such objection prior to plea or prior to the conclusion of any Article 39(a) session held prior to assembly, whichever occurs earlier, constitutes a waiver thereof, but the military judge . . . may grant relief from the waiver for good cause shown.

The defense objection to the withdrawal of the charges was made after he had entered pleas of guilty.

■ Trial counsel made no objection to the factual adjudication of the issue. Under the facts of the case, we find no waiver. It is questionable as to exactly what basis the trial defense counsel, trial counsel, and military judge litigated the issue. There was reason for believing that the issue was jurisdictional and not subject to waiver. Paragraph 67*a*, MCM.[4] Moreover, because the appellee was tried on pleas of guilty, the court-martial panel did not become actively involved in this trial until after findings were entered by the military judge. We are unwilling to find that appellee's objection was untimely and waived.

## II

■ The appointed trial counsel had not been sworn as required by Article 42(a), UCMJ, 10 USC § 842. However, he is a qualified lawyer and had been designated as a judge advocate.[5] His professional representation of the Government at trial has not been shown prejudicial to the appellee. We find that a failure to observe the statutory requirement that a trial counsel be sworn does not defeat the court's jurisdiction or call for the invocation of general prejudice.

There is no constitutional requirement for oath taking by counsel. We do not believe the oath of counsel is so vital to the function of a court-martial in determining the guilt of an accused and imposing sentence in event of conviction, or so essential to protection of the rights of accused at trial, as to be classed with what Judge Brosman described in United States v Woods, 2 USCMA 203, 207, 8 CMR 3, 7 (1953), as "elements of the judicial edifice of such overwhelming importance that they must be deemed structural members" under the doctrine of general prejudice and, therefore, not subject to the prejudicial error rule of Article 59(a), UCMJ, 10 USC § 859.

Accordingly, we answer each of the following certified questions in the affirmative:

I. Was the Air Force Court of Military Review correct in its determination that withdrawal of the case from the court to which it was originally referred was without good cause and for improper reason and that prejudicial error resulted?

II. If the answer to question I above is in the affirmative, was the Court of Military Review correct in determining that a rehearing on the sentence before a new court-martial would be proper corrective action?

III. Was the Air Force Court of Military Review correct in its determination that the failure of the trial counsel to take the required oath to perform his duties faithfully did not affect the jurisdiction of the court-martial?

IV. If the answer to question III above is in the affirmative, was the Air Force Court of Military Review correct in its determination that such failure was a procedural error to which "general prejudice" did not attach? .

Chief Judge DARDEN and Judge QUINN concur.

---

[4] See United States v Fleming, supra.
[5] Trial counsel possessed the requirements set forth in Article 27, UCMJ, 10 USC § 827.