Arnold MOYE, 183 42 3624 Radioman
Seaman (E–3), U. S. Navy,
Petitioner,

v.

Peter F. FAWCETT, Lieutenant Commander, U. S. Navy, Commanding Officer, USS KITTIWAKE (ASR–13), and Charles T. Reidell, Lieutenant Commander, Judge Advocate, General's Corps, U. S. Navy, and their successors, Respondents.

Miscellaneous No. 80–14.

U. S. Navy Court of Military Review.

13 Feb. 1981.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF

ABERNATHY, Judge:

Petitioner comes before this Court seeking extraordinary relief in the nature of a writ of prohibition forbidding his trial by. general court-martial. Petitioner further prays for a temporary restraining order pending the adjudication of his petition for extraordinary relief.

The petitioner is charged with nine violations of Article 92, Uniform Code of Military Justice, alleging the wrongful possession, transfer and sale of marijuana. The Charge was referred to a special court-martial · on 30 May 1980 by the respondent, Commanding Officer, USS KITTIWAKE (ASR 13).

On 13 June 1980 the respondent convening authority withdrew the charge from that court-martial prior to its being called to order. By an appointing order dated 18 June 1980 the convening authority directed an Article 32, Uniform Code of Military Justice, 10 U.S.C.A. § 832, investigation to inquire into the charge. That investigation was completed on 7 November 1980 and the charge and supporting specifications were eventually referred to trial by general court-martial by Commander, Naval Base, Norfolk on 24 December 1980.

Also on 7 November 1980 the petitioner filed a petition for extraordinary relief in the nature of a writ of prohibition or other appropriate relief in which was received by this Court on 10 November 1980. On 12 November 1980 this Court ordered respondents to show cause why the relief requested should not be granted. After numerous additional filings by both petitioner and respondent, oral argument was heard on 6 February 1981.

Petitioner asserts, in essence, that the mid-June withdrawal of the charge from a

special court-martial and referral to a pretrial investigation took place close on the heels of a conversation between the appointed trial and defense counsel in which the latter indicated that she anticipated not guilty pleas and the necessity of producing live witnesses. Petitioner asserts that the withdrawal took place for this reason and was, therefore, wrongful because such a factual predicate is not the "proper reason" envisioned by paragraph 33*j*, *Manual for Courts-Martial, 1969 (Rev.)*, for withdrawing charges from a court-martial to which they have been previously referred. The respondent denies this allegation and asserts that the case was withdrawn and referred to a pretrial investigation to correct an earlier referral which had been dictated by expediency and to reflect his true view of the seriousness of the charge.

Respondent concedes that this Court has the authority to issue the writ petitioner seeks, citing *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979), but contends that, since the factual dispute surrounding the reason for the withdrawal of the charges does not present a clear abuse of discretion or a usurpation of judicial authority by the convening authority, we should refuse to do so, since issuance of such a writ should be limited to cases in which it is necessary or appropriate in aid of the court's jurisdiction. Petitioner invites our attention to *Petty v. Moriarity*, 20 U.S.C.M.A. 438, 43 C.M.R. 278 (1971), a case in which extraordinary relief was granted on the issue of improper withdrawal of charges; respondent cites *Robertson v. Wetherill*, 21 U.S.C.M.A. 77, 44 C.M.R. 131 (1971), in which a similar petition for extraordinary relief was denied.

Since the facts surrounding the questioned withdrawal are in dispute, since we are not convinced petitioner will suffer irreparable harm should relief not be granted, and since we are not convinced that issuance of the prayed-for relief is either necessary or appropriate in aid of this Court's jurisdiction, we find the following language of *Robertson v. Wetherill, supra* at 78, 44 C.M.R. at 132, compelling:

[T]he issue raised by this petition may be asserted before the military judge of that tribunal, and evidence may be presented clarifying the reasons prompting the convening authority's withdrawal action . . . and an adequate record will be developed for action at that level, and at the various levels of appellate review if necessary.

In view of the foregoing, a temporary restraining order will not issue, and the petition for extraordinary relief is denied.

Senior Judge BAUM and Judge PRICE concur.