UNITED STATES, Respondent

v

CHARLES BEVILACQUA, Airman First Class, U. S. Air Force
and WILLIAM BRAUN, Airman Second Class,
U. S. Air Force, Petitioners,

18 USCMA 10, 39 CMR 10

Miscellaneous Docket No. 68–6

November 8, 1968

*Thomas C. Lancian, Esquire,* argued the cause for Petitioners.
*Colonel James R. Thorn,* USAF, argued the cause for Respondent.
*Lieutenant David C. Nolan,* USCGR, on *amicus curiae* brief.
*Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain Gregory U. Evans,* U. S. Army, on *amicus curiae* brief.

## Opinion of the Court

QUINN, Chief Judge:

In 1967, a special court-martial in Turkey convicted the petitioners of wrongful possession and use of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and sentenced them to reduction in grade and partial forfeiture of pay. The conviction was approved and ordered executed by the convening authority. An application for further review was made to the general court-

martial authority and denied. Cf. Article 65(b), (c), Code, supra, 10 USC § 865. Thereafter, two applications for relief from the conviction were filed with the Air Force Board for Correction of Military Records and both were denied. The petitioners then filed this application for Writ of Error Coram Nobis. Petitioner Bevilacqua is no longer in the service, but Braun is, and he asserts that the conviction "is an unwarranted burden upon his career and his life."

Air Force appellate Government counsel, and the United States Army and the United States Coast Guard appearing as *amici curiae*, contend that this Court lacks power to grant relief of any kind to petitioners. They point to the fact that the sentence adjudged by the court-martial and approved by the convening authority did not include a punitive discharge or confinement at hard labor for one year or more, as provided in Articles 66 and 67 of the Uniform Code, 10 USC §§ 866 and 867, respectively.[1] They maintain that the Court is powerless to act in any case not expressly defined in Article 67 and, since the sentence adjudged by the court and approved by the convening authority is not within those cases set out in the Article, the Court lacks jurisdiction to consider the petition.

So far as direct appeal for the purpose of reviewing alleged irregularities of procedure or other defects is concerned, we have indeed determined that our power to review is "express-ly conditioned" by the provisions of Article 67. United States v Bondy, 13 USCMA 448, 450, 32 CMR 448. For that reason, we have not entertained a petition to review by direct appeal the validity of a conviction not within the scope of Article 67. See United States v Hardy, 17 USCMA 100, 37 CMR 364. However, Article 67 does not describe the full panoply of power possessed by this Court. In United States v Frischholz, 16 USCMA 150, 151–152, 36 CMR 306, we noted that we "possess powers incidental to, and protective of, those defined in Article 67," and that part of our responsibility under the Uniform Code "includes the protection and preservation of the Constitutional rights of persons in the armed forces." In Gale v United States, 17 USCMA 40, 42, 37 CMR 304, we commented on the "intent of Congress to confer upon this Court a general supervisory power over the administration of military justice" and determined that we possessed authority to grant relief, in appropriate circumstances, before completion of *pending* court-martial proceedings. In part, we said: "We cannot believe Congress, in revolutionizing military justice and creating for the first time in the armed services a supreme civilian court in the image of the normal Federal judicial system, intended it not to exercise power to grant relief on an extraordinary basis, when the circumstances so require." *Id.*, at page 43. These comments and decisions certainly tend to indicate that this Court is not powerless to ac-

---

[1] In pertinent part, Articles 66(b) and 67(b), Uniform Code of Military Justice, 10 USC §§ 866 and 867, respectively, read as follows:

*Article 66(b):* "The Judge Advocate General shall refer to a board of review the record in every case of trial by court-martial in which the sentence, as approved, affects a general or flag officer or extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more."

*Article 67(b):* "The Court of Military Appeals shall review the record in—

(1) all cases in which the sentence, as affirmed by a board of review, affects a general or flag officer or extends to death;

(2) all cases reviewed by a board of review which the Judge Advocate General orders sent to the Court of Military Appeals for review; and

(3) all cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review."

cord relief to an accused who has palpably been denied constitutional rights in any court-martial; and that an accused who has been deprived of his rights need not go outside the military justice system to find relief in the civilian courts of the Federal judiciary. See Application of Stapley, 246 F Supp 316 (D Utah) (1965); Ashe v McNamara, 355 F2d 277 (CA 1st Cir) (1965). We need not, however, demarcate the boundaries of our power. See Jones v Ignatius, 18 USCMA 7, 39 CMR 7, in which we held that this Court had jurisdiction to review the record of trial where the convening authority utilized the bad-conduct discharge part of a special court-martial sentence to increase the period of confinement beyond that which the court could legally adjudge.

The record of the special court-martial which convicted the accused is not before us. However, ▆ the petition for relief sets out three assignments of error. None of them demonstrates the accused was denied a constitutional right. In the first assignment, the accused, in effect, seeks review of the sufficiency of the evidence to show compliance with the requirements for issuance of a search warrant; the petition itself indicates that at least one witness testified that the officer who authorized the search was properly informed of the articles for which the search was to be made and of circumstances indicating probable cause for the search. The two remaining assignments of error are couched in terms of a denial of the right to prepare for trial but, in substance, they raise only a question as to whether the petitioners were prejudiced by the refusal of the prosecution to disclose the name of an informant. The petitioners admit they suspected the informant of framing them. Manifestly, therefore, the putative informant was known to the petitioners, and they could have subpoenaed him as a witness to determine his exact role, if any, in the case. In *Frischholz*, supra, we pointed out that collateral proceedings to overturn a conviction which has become final by law cannot be used merely to seek reevaluation of the evidence or the potential prejudice of alleged trial irregularities. The present application discloses no deprivation of any constitutional right or the denial of any fundamental right accorded by the Uniform Code of Military Justice. The petition, therefore, is denied.

Judge FERGUSON concurs.