August 12, 1969

No. 69–37 Carlise D. Patnode, also known as Carlisle D. Patnode, PVT, U. S. Army v Melvin R. Laird, Secretary of Defense; Stanley R. Resor, Secretary of the Army; and W. C. Gribble, Jr., MG, U. S. Army.

In a "Petition for Writ of Habeas Corpus and for the other relief," petitioner avers:

In September, 1966, while on orders for duty in Vietnam, he was transferred to a unit at Fort Meade, Maryland, for compassionate reasons. Upon reporting to the latter station, he was directed to proceed to his home and await the receipt of further orders. Although he contacted the unit from time to time, no new orders were forthcoming until July 1969, when he was directed to report to Fort Myer, Virginia. Upon compliance, he was transferred to Fort Belvoir, Virginia, where he is now assigned.

By its terms, petitioner's enlistment expired July 25, 1969, and has not been extended. Despite this, respondents have failed or refused to discharge him. Rather, he is threatened with court-martial action and continued active duty, but no charges have been served upon him.

Upon the basis of the foregoing representations, petitioner seeks:

1. Release from the restraints presently imposed upon his liberty;

2. The issuance of an honorable discharge;

3. Correction of his military records (a) to reflect his correct name — "Carlise D. Patnode," and not "Carlisle D. Patnode"; (b) to remove all notations to the effect that he has been absent without leave; and (c) to show entitlement to back pay and allowances.

Under the All Writs Act, 28 USC § 1651 (a), this Court is empowered to "issue all writs necessary or appropriate in aid of" its jurisdiction. Levy v Resor, 17 USCMA 135, 37 CMR 399. That jurisdiction, as defined by Article 67, Uniform Code of Military Justice, 10 USC § 867, covers the following:

"(b) . . .

(1) All cases in which the sentence, as affirmed by a board of review, affects a general or flag officer or extends to death;

(2) All cases reviewed by a board of review which the Judge Advocate General orders forwarded to the Court of Military Appeals for review; and

(3) All cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review."

The present petition indicates that accused is not subjected to any restraint greater than that imposed upon any member of the armed services. He does not appear to be in confinement, under arrest or restricted to certain defined limits pending trial by court-martial, and no charges have been preferred against him. Accordingly, there appear to be no proceedings over which this Court has, or may exercise, jurisdiction. See United States v Bevilacqua, 18 USCMA 10, 39 CMR 10. The balance of remedies sought cover administrative matters "not subject to review" by this Court. In re Taylor, 12 USCMA 427, 31 CMR 13. Accordingly, it is,

ORDERED that said petition be, and the same is, hereby dismissed for lack of jurisdiction over the subject matter thereof.

This action is without prejudice to the right of petitioner to raise any matter herein presented, should charges be preferred and referred to trial by court-martial.