**Michael R. LOCKS et al., Appellants,**

v.

**Melvin LAIRD, Secretary of Defense, et al., Appellees.**

No. 24682.

United States Court of Appeals, Ninth Circuit.

April 20, 1971.

Albert M. Bendich, Berkeley, Cal., Paul N. Halvonik, Charles C. Marson, American Civil Liberties Union, Richard J. Werthimer, San Francisco, Cal., for appellants.

James L. Browning, Jr., U. S. Atty., Sheldon Deutsch, Asst. U. S. Atty., San Francisco, Cal., for appellees.

Before CHAMBERS, Chief Judge, and MURRAH * and HUFSTEDLER, Circuit Judges.

* The Honorable Alfred P. Murrah, Senior United States Circuit Judge, Oklahoma City, Oklahoma, sitting by designation.

MURRAH, Circuit Judge:

Our query is whether members of the military services may attack in the federal civilian courts the constitutionality of service regulations by seeking declaratory and injunctive relief subsequent to the commencement of court-martial proceedings against one of the complainants for violation of the regulation. Affirming the judgment of the trial court, D.C., 300 F.Supp. 915, we hold that they may not.

Appellants, members of the Air Force Reserve, attack as violative of their First and Fifth Amendment rights an Air Force regulation prohibiting the wearing of the Air Force uniform " * * * at any public meeting, demonstration, or interview if * * * a purpose of the meeting, demonstration, or interview is the advocacy, expression, or approval of opposition to the employment or use of the Armed Forces of the United States."

Locks has been convicted by a general court-martial for disobeying the regulation and sentenced to reduction to grade of airman basic, forfeiture of all pay and allowances, confinement at hard labor for one year and bad conduct discharge. He has not yet exhausted the remedies available within the military judicial system for review of the court-martial conviction.[1]

Bright, Williams and O'Connell have not been charged with a violation of the challenged regulation. They assert, however, their right to wear their uniforms to meetings which have for their purpose the expression of opposition to the employment or use of the Armed Forces of the United States and that they are deterred from doing so by the certainty of prosecution and punishment (as evidenced by Locks' conviction and sentence) if they do.

The present action, commenced after the initiation of criminal proceedings against Locks, seeks a declaration that the regulation is void on its face, abrogation of Locks' court-martial conviction and injunctive relief against prosecutions for violations of the regulation. Judge Zirpoli dismissed the action as to Locks for failure to exhaust available military judicial remedies and ruled against the other complainants on the merits. We affirm the denial of relief for the reason that in the appropriate exercise of the court's discretion, relief by way of injunction or declaratory judgment should have been denied without consideration of the merits as to any of the parties.

We start with the proposition that the propriety of the relief sought cannot be separated from consideration of its impact on the pending criminal proceedings against Locks. The lawsuit is basically one to enjoin that prosecution. This is so even though three of the complainants are not presently subject to court-martial proceedings. For a declaratory judgment of unconstitutionality would for all practical purposes terminate the criminal case against Locks. In effect, Bright, Williams and O'Connell have joined with Locks in this one lawsuit to deprive the military courts of the jurisdiction plainly conferred on them by statute. We hold that in these circumstances appellants are not entitled to this extraordinary relief.

Appellants invoke, as equally applicable to military prosecutions, the rationale of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, involving state prosecutions. And see Gusik v. Schilder, *supra*; Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631; Angle v. Laird, *supra*; and Parisi v. Davidson, 435 F.2d 299 (9th Cir.). *Dombrowski* essentially involved the grant of injunctive relief against state prosecutions for alleged violations of an overbroad and vague statute regulating ex-

---

1. The conceded available remedies include review by a Court of Military Review and petition by the accused to the Court of Military Appeals for review. And see Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146, and Angle v. Laird, 429 F.2d 892 (10th Cir.), which equate exhaustion of available military remedies with exhaustion of available state remedies.

pression. And appellants read *Dombrowski* to hold that such relief is appropriate whenever the statute or regulation is challenged on its face as violative of the First and Fifth Amendments. But that case must be read in light of its contemporary, Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182, which characterized *Dombrowski* as presenting a situation "of the 'impropriety of [state officials] invoking the statute in bad faith to impose continuing harassment in order to discourage appellants' activities.'" And Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688, decided since oral argument in this case, leave no doubt that *Dombrowski* is to be confined to its own peculiar facts; "that the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good faith attempts to enforce it * * *" 401 U.S. 37 at 54, 91 S.Ct. 746 at 755. The "great and immediate" injury prerequisite to the disruption of a pending criminal prosecution must be a "threat to the plaintiff's federally protected rights * * that cannot be eliminated by his defense of single criminal prosecution." Younger v. Harris, *supra*. See also Samuels v. Mackell, *supra*, applying the same prerequisites to an action for declaratory judgment commenced after the initiation of criminal proceedings against the parties seeking relief.

The record before us is devoid of any showing of the requisite irreparable injury. Nothing more appears than that the military authorities are doing their duty by prosecuting Locks for violation of the regulation. Complainants present only unsupported allegations that the regulation was promulgated in bad faith and that resort to the military judicial system will be futile. This will not sustain a grant of the relief sought.

Judgment affirmed.

HUFSTEDLER, Circuit Judge (concurring and dissenting):

Although I agree with the majority opinion that Locks' failure to exhaust his available remedies within the military justice system deprived the district court of jurisdiction to hear his claim (Younger v. Harris (1971) 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Samuels v. Mackell (1971) 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688), I am unable to concur in the majority's disposition of the appeals of Bright, Williams, and O'Connell.

Bright, Williams, and O'Connell have no remedies to exhaust within the military justice system. None of them has violated the challenged regulation and none has been subjected to court martial. The military courts have not been given authority to grant declaratory relief or to issue injunctions, except as that authority may be incidental to the Court of Military Appeals' jurisdiction over pending court martials. (*See* Gale v. United States, 17 U.S.C.M.A. 40, 37 C.M.R. 304; United States v. Bevilacqua, 18 U.S.C. M.A. 10, 39 C.M.R. 10.)

The majority opinion recognizes that Bright, Williams, and O'Connell do not stand in Locks' shoes, but the opinion nevertheless forces the trio in Locks' stance on the theory that a disposition of their case by the court will have an impact on Locks' pending court martial.

I am unaware of any principle of law to support the theory that a federal court should or can decline to exercise jurisdiction, otherwise appropriately invoked, because a judgment for or against the federal plaintiff, as a matter of *stare decisis,* may affect the disposition of a third person's case, wherever that case may be pending.

There is nothing in the record before us suggesting that there is any privity between or among the appellants. Joinder of two or more plaintiffs in the prosecution of their several claims against the same defendant challenging the constitutionality of the same regulation does not make the plaintiffs members of a single class. Locks would not be bound by any aspect of *res judicata* by any

judgment rendered for or against his coappellants. The fact that the appellee Laird would be bound by any judgment rendered against him in the Bright, Williams, and O'Connell cases has no collateral estoppel effect on Locks' case, unless we are prepared to say that mutuality of estoppel is now abandoned in military courts, a proposition none of the parties has urged and for which no authority has been discovered.

A holding by the Supreme Court dismissing the indictment of a criminal appellant on the ground that the federal statute under which he was prosecuted is unconstitutional not only frees that appellant, but also has the effect of freeing every other defendant whose prosecution under the same statute is pending. But it would be entirely incorrect to describe the Court's mandate in the first case as an injunction issued to restrain prosecution of the other cases. That same situation exists in the case at bench; therefore, Younger v. Harris (1971) 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 is irrelevant.

We are thus presented with the question whether or not declaratory and injunctive relief is appropriate to prevent threatened violation of the appellants' First Amendment rights when their sole alternative is to violate the regulation and risk criminal prosecution. I think that it is. (E. g., Oney v. Oklahoma City (10th Cir. 1941) 120 F.2d 861.)

I turn to the merits. The regulation challenged by appellants provides as follows:

> "Recent developments have established a need for clarification of the circumstances in which Air Force members are not permitted to wear their uniform. Accordingly, pursuant to para 1–10d, AMF 35–10, 26 June 1968, the Secretary of the Air Force has specified that Air Force members will not wear the uniform at any public meeting, demonstration, or interview if they have reason to know that a purpose of the meeting, demonstration, or interview is the advocacy, ex-

pression, or approval of opposition to the employment or use of the Armed Forces of the United States."

The regulation does not prohibit wearing the uniform to any public meetings at which the employment of the Armed Forces is a discussion topic. It does not prohibit wearing uniforms to all public meetings. It prohibits wearing uniforms only to those meetings in which there may be criticism of the use to which the Armed Forces are put. Thus the uniform can be worn to a meeting held in praise of the use of our Armed Forces in Vietnam. But a member of the Air Force who wears the uniform to a meeting in which the topic may be criticism of the use of our Armed Forces in Vietnam is subject to court martial. The regulation is patently unconstitutional.

> "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." (West Virginia State Bd. of Educ. v. Barnette (1943) 319 U.S. 624, 642, 63 S.Ct. 1178, 1187, 87 L.Ed. 1628.)

In Schacht v. United States (1970) 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 the Court unanimously struck down a similar law that prohibited the wearing of the uniform of the Armed Forces in a theatrical production in which the portrayal tended "to discredit that armed force." (10 U.S.C. § 772(f).) "The final clause of § 772(f), which leaves Americans free to praise the war in Vietnam but can send persons like Schacht to prison for opposing it, cannot survive in a country which has the First Amendment." (398 U.S. at 63, 90 S.Ct. at 1559, 26 L.Ed.2d at 48.) The rationale of Schacht controls this case.

I would affirm the judgment as to Locks and reverse as to Bright, Williams, and O'Connell with directions to issue the relief prayed for.