Douglas C. **PICKELL,** individually and on
behalf of all others similarly situ-
ated, Plaintiff-Appellant,

v.

Commander W. C. **REED,** Individually
and as Head, Military Personnel, U. S.
Naval Station, Treasure Island et al.,
Defendants-Appellees.

No. 71–1567.

United States Court of Appeals,
Ninth Circuit.

June 21, 1971.

Michael S. Sorgen, San Francisco,
Cal., for plaintiff-appellant.

James L. Browning, Jr., U. S. Atty.,
Brian B. Denton, Asst. U. S. Atty., San
Francisco, Cal., for defendants-appellees.

Before HAMLEY, ELY and WRIGHT,
Circuit Judges.

PER CURIAM:

In his complaint for declaratory relief,
appellant sought to enjoin the Navy
from releasing him with an undesirable
discharge. The district court dismissed
the complaint and denied a preliminary
injunction, 326 F.Supp. 1086.

While his appeal was pending, appel-
lant stipulated with Navy authorities
that, subject to the court's approval, he
be given an undesirable discharge. This
court approved the stipulation and va-
cated an earlier order staying the dis-
charge pending appeal. We now affirm
the action of the district court.

Appellant enlisted for four years and,
after basic and advanced training, was
assigned to Moffet Field Naval Air Sta-
tion, California. He had received non-
judicial punishment on three occasions
prior to the incident giving rise to the
Navy's determination to discharge him.

In March 1970 appellant and a young
woman occupied a private motor vehicle
in the rear of a barracks on the base. A
security officer summoned to the area
observed several plants of marijuana on
the dashboard of the vehicle. When the
young woman was asked to leave the ve-
hicle, she attempted to take a cardboard
box which proved to contain dried mari-
juana. She identified appellant as the
owner of the vehicle. There followed an
official investigation.

Appellant was formally advised of his
rights and signed a statement to that ef-
fect and permitted a search of his locker
and the vehicle. Marijuana, a cigarette
roller and hashish were found in his
locker. In a letter to the Chief of Naval
Personnel, appellant admitted that the
evidence indicated possession of mari-
juana.

He now urges that the proceedings by
which the Navy processed him for dis-
charge violated his constitutional right
to due process. He does not contend
that the Navy failed to follow its own
regulations but asserts that the some-
what informal procedures of the Field
Review Board allowed the consideration
of evidence which would have been inad-

missible before a court martial or civilian court.

██ Before the courts will intervene and interfere with the military's exercise of its authority over persons lawfully entered into its service, the complaining serviceman must utilize available administrative processes or demonstrate a substantial likelihood of success. Locks v. Laird, 441 F.2d 479 (9th Cir. 1971), Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965).

██ Appellant has not attempted to explore any administrative remedies, let alone exhaust them.

The judgment of the district court is affirmed.