**Jesse L. HORN, Plaintiff,**

v.

**James R. SCHLESINGER et al.,
Defendants.**

**No. 73 C 868 (A).**

United States District Court,
E. D. Missouri, E. D.

Oct. 10, 1974.

Francis L. Ruppert, Clayton, Mo., for plaintiff.

David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., Alvin L. Thomas, Washington, D. C., for defendants.

## MEMORANDUM OPINION

HARPER, District Judge.

This matter is before the Court on defendants' motion for summary judgment.

Plaintiff, a former U. S. Army major, brings this action seeking review of his discharge from the military based on allegedly improper officer efficiency reports (OER's) and inadequate evaluation procedures. Count I of the complaint alleges that defendants failed to follow duly promulgated Army regulations in preparing and evaluating plaintiff's OER's. Count II charges that defendants failed to follow Army regulations in processing plaintiff's appeals of his OER's. Count III alleges that the Army's appeal procedure for OER's is vague and arbitrary and fails to provide plaintiff with any meaningful appeal in violation of his Fifth Amendment right to due process. In Count IV plaintiff contends that the procedures established by defendants for evaluation of plaintiff's performance as an officer employ vague, arbitrary and unreasonable standards, and that plaintiff's discharge based on such allegedly arbitrary procedures was violative of his Fifth Amendment right of due process.

Defendants incorporate into their motion for summary judgment Exhibits A through G, consisting of plaintiff's official military personnel file, an affidavit, and Army regulations dealing with promotion, evaluation and discharge of officers. The affidavit and other materials disclose that plaintiff has appealed only one of three determinations of the Army Special Review Board (SRB), which denied plaintiff's request for correction of his OER's to the Army Board for the Correction of Military Records (ABCMR).

Courts have traditionally required exhaustion of administrative remedies in order to avoid giving possible advisory opinions on matters which might later be decided by an administrative body, which decision might completely obviate the

necessity for any judicial proceeding. In this light numerous Courts of Appeal decisions have held that district courts should not review military actions until the plaintiff among other things has exhausted all available intraservice corrective measures. Mindes v. Seaman, 453 F.2d 197 (CA5 1971); Pickell v. Reed, 446 F.2d 898 (CA9 1971); McCurdy v. Zuckert, 359 F.2d 491 (CA5 1966), cert. den. 385 U.S. 903, 87 S.Ct. 212, 17 L.Ed.2d 133 (1967).

10 U.S.C. § 1552 gives the ABCMR the power to correct any military records of Army personnel when considered necessary to correct an error or remove an injustice. This power extends to the review of discharges or dismissals. 10 U.S.C. § 1553. In McCurdy v. Zuckert, supra, an Air Force sergeant sought to enjoin the Secretary of the Air Force from discharging him with a less than honorable discharge following a determination by a board of officers that he was no longer fit for military duty. The Court held that the Air Force Board for the Correction of Military Records created by 10 U.S.C. § 1552 and the relief it can provide under 10 U.S.C. § 1553 provides an administrative remedy which the plaintiff had to exhaust before the Court would hear his complaint that his discharge would be in violation of Air Force regulations.

In the instant case, although plaintiff appealed to the ABCMR concerning his first adverse OER, no application for correction of the second report was submitted. It is readily apparent that plaintiff's discharge was attributable to both OER's. Exhaustion of remedies prior to challenging the discharge would therefore entail a request for review of both reports.

The Court notes in passing that plaintiff's second efficiency report, shown at pages 176 and 177 of Exhibit A, appears to be the most damaging. Furthermore, plaintiff submitted additional material to the SRB pertaining to both efficiency reports following the SRB's denial of his initial appeal. Such action is inconsistent with plaintiff's present contention that further recourse to the ABCMR would be futile.

Accordingly, it having been demonstrated to the Court that plaintiff has failed to exhaust his intraservice remedies, defendants' motion for summary judgment is hereby sustained, and the Clerk of the court will prepare and enter the proper order to that effect.