**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

| | | |
|---|---|---|
| **UNITED STATES,** | ) | **Misc. Dkt. No. 2013-29** |
| **Respondent** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Staff Sergeant** | ) | |
| **MELVERT WASHINGTON, Jr.,** | ) | |
| **USAF,** | ) | |
| **Petitioner** | ) | **Panel No. 2** |

The petitioner has requested extraordinary relief in the nature of a writ of error coram nobis asking this Court to set aside his 26 January 1983 conviction by special court-martial. The petitioner bases his request on a claim of newly discovered evidence.

*Background*

The petitioner was convicted at a special court-martial in January 1983 of one specification of wrongfully soliciting a subordinate airman to obtain marijuana for him in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was acquitted of one specification of wrongfully using marijuana on divers occasions. The court, comprised of officer members, sentenced the petitioner to a bad-conduct discharge and reduction to E-1. The convening authority approved the sentence as adjudged.

The evidence presented against the petitioner included the testimony of three airmen. A1C IEW was a subordinate airman who testified that he smoked marijuana in his dorm room with the petitioner on two occasions. A1C IEW also said the petitioner asked him to procure marijuana for his personal use. Amn BSD and A1C GPD testified they were present in A1C IEW's room and overheard portions of the conversation between A1C IEW and the petitioner when he solicited marijuana from A1C IEW.

The defense evidence included testimony from A1C IEW's roommate, Amn BPL, who testified that he did not see the petitioner in his room, but he did observe two sergeants with similar skin tone and similar sounding voices visit his room. The petitioner testified that he never used drugs with A1C IEW, never asked A1C IEW to get him drugs, and never visited A1C IEW's dorm room. The petitioner also testified that he consented to the Air Force Office of Special Investigations' request to search his house, car, and person, and no evidence of drugs was found.

On 27 July 1983, this Court affirmed the findings and sentence. Approximately 22 years later, the petitioner filed his first writ of error coram nobis with this Court, alleging ineffective assistance of counsel at trial, which was denied. The petitioner then filed a writ appeal petition with our superior court which was also denied, and the Supreme Court denied certiorari on 4 May 2007. On 26 September 2013, the petitioner filed the instant writ of error coram nobis.

The petitioner requests relief based on his claim of newly discovered evidence consisting of a negative urinalysis result mentioned in a February 1983 post-trial clemency report, and affidavits from the trial defense counsel and defense paralegal dated November 2008 confirming they did not receive a result of the petitioner's negative urinalysis test.[1] These affidavits also state that trial defense counsel's time, energy, and concentration was adversely affected by trial defense counsel's pending transfer to another Air Force specialty code and duty station and by negative attention from the wing commander related to an article the trial defense counsel and defense paralegal published in the base newspaper in January 1983.

*Law*

"Courts-martial . . . are subject to collateral review within the military justice system." *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009). This Court is among the courts authorized under the All Writs Act to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013).

A petition for extraordinary relief under the All Writs Act requires this Court to make two determinations: (1) whether the requested writ is "in aid of" this Court's existing jurisdiction; and (2) whether the requested writ is "necessary or appropriate." *LRM*, 72 M.J. at 367-68. Concerning the first determination, "the express terms of the [All Writs] Act confine [our] power to issuing process 'in aid of' [our] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (citations omitted). Therefore, the All Writs Act is not an independent grant of appellate jurisdiction and it cannot enlarge a court's jurisdiction. *Id.* Likewise, the Act does not grant this Court authority "to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536. Nevertheless:

---

[1] The petitioner's submission does not include documentation showing negative test results for a urinalysis. The petitioner claims a negative urinalysis exists based on the clemency review officer's statements that "SSgt Washington says he did not commit the offense. He points out that upon a search of his quarters and his person, no drugs were found, neither was evidence of the use of drugs found through urinalysis." For purposes of this Court's review, we presume the petitioner submitted a urinalysis sample prior to trial and that the test results were negative for prohibited substances.

[W]hen a petitioner seeks collateral relief to modify an action that was taken within the subject matter jurisdiction of the military justice system, such as the findings or sentence of a court-martial, a writ that is necessary or appropriate may be issued under the All Writs Act 'in aid of' the court's existing jurisdiction.

*Denedo*, 66 M.J. at 120.

Concerning the second determination, a writ is not "necessary or appropriate" if another adequate legal remedy is available. *See Goldsmith*, 526 U.S. at 537 (holding that even if the Court of Appeals for the Armed Forces had some jurisdictional basis to issue a writ of mandamus, such writ was unjustified as necessary or appropriate in light of alternative remedies available to a servicemember demanding to be kept on the rolls); *see also Denedo*, 66 M.J. at 121 (citing *Loving v. United States*, 62 M.J. 235, 253-54 (C.A.A.F. 2005)).

A writ of error coram nobis may be used to "remedy an earlier disposition of a case that is flawed because the court misperceived or improperly assessed a material fact." *McPhail v. United States*, 1 M.J. 457, 459 (C.M.A. 1976). Coram nobis encompasses constitutional and other fundamental errors, including the denial of fundamental rights accorded by the UCMJ. *Garrett v. Lowe*, 39 M.J. 293, 295 (C.M.A. 1994); *United States v. Bevilacqua*, 39 C.M.R. 10, 11-12 (C.M.A. 1968). This writ authority extends past the point at which a court-martial conviction becomes final under Article 76, UCMJ. *Denedo*, 66 M.J. at 121-25. However, coram nobis "should only be used to remedy errors of the most fundamental character." *Loving*, 62 M.J. at 252-53 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)) (internal quotation marks omitted). In order to obtain a writ of error coram nobis, a petitioner must meet the following "stringent threshold requirements":

(1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo*, 66 M.J. at 126. If the petitioner meets these threshold requirements for a writ of error coram nobis, this Court analyzes the underlying basis for the writ, keeping in mind "the petitioner must establish a clear and indisputable right to the requested relief." *Id.* (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 381 (2004)).

Misc. Dkt. No. 2013-29

*Discussion*

We hold the petitioner is not entitled to relief under the "stringent threshold requirements" established for issuance of the writ of error coram nobis. The petitioner claims three pieces of evidence are newly discovered: (1) a negative urinalysis result; (2) the 2008 affidavit from trial defense counsel confirming he did not receive any negative urinalysis result prior to trial and explaining that his transfer to another duty location impacted his time and energy prior to trial; and (3) the 2008 affidavit from the defense paralegal confirming she did not receive a negative urinalysis result prior to trial and explaining that trial defense counsel received negative attention from the wing commander about an article they published in the base newspaper shortly before trial. None of these items provides any basis for relief.

At trial, the petitioner testified that he consented to a search of his person and property and the Air Force Office of Special Investigations found no evidence of a crime. Post-trial, the petitioner was provided a clemency report in which the clemency review officer noted that no evidence of the use of drugs was found through urinalysis. If this is true, the petitioner has known for more than 30 years that he submitted to a urinalysis that did not test positive. In any event, the petitioner was acquitted of the specification alleging he wrongfully used marijuana.

Similarly, trial defense counsel's transfer in February 1983 and the negative reactions to the base newspaper article in January 1983, as contained in the trial defense team's affidavits, have also been known for more than 30 years. The petitioner has not shown valid reasons for failing to seek relief earlier. If the affidavits are true, the petitioner and trial defense counsel knew during trial that trial defense counsel was pending new duty station orders, and that trial defense counsel was allegedly subjected to negative attention for publishing the base paper article. Having concluded that the petitioner fails to meet the third and fourth stringent threshold requirements, we do not address the merits of his assertions.

Accordingly, it is by the Court on this 1st day of April, 2014,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is hereby **DENIED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court