**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

| | | | |
|---|---|---|---|
| UNITED STATES, | ) | Misc. Dkt. No. 2014-06 | |
| Respondent | ) | (ACM 38089) | |
| | ) | | |
| v. | ) | | |
| | ) | **ORDER** | |
| Airman Basic (E-1) | ) | | |
| MICHAEL J. ROY, | ) | | |
| USAF, | ) | | |
| Petitioner | ) | **Special Panel** | |

The petitioner requested extraordinary relief on 16 May 2014 in the nature of a writ of error coram nobis. The petitioner asks this Court to grant new appellate review of his court-martial conviction under Article 66, UCMJ, 10 U.S.C. § 866.

*Background*

The petitioner was convicted at a general court-martial in December 2011 of wrongful use and introduction of ecstasy and wrongful distribution of oxycodone, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He was sentenced to a bad-conduct discharge, confinement for 83 days, forfeiture of $978.00 pay per month for 3 months, and reduction to E-1.[1] The convening authority approved the sentence as adjudged.

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the

---

[1] The trial proceedings in this matter warrant further discussion. The petitioner was previously tried and convicted of these same offenses on 21 July 2011 by a military judge sitting as a general court-martial. The petitioner was acquitted of two other drug-related specifications. At this trial, the military judge sentenced the petitioner to a bad-conduct discharge, confinement for 110 days, and forfeiture of all pay and allowances. During post-trial processing, the Government discovered it had not provided trial defense counsel with an endorsement signed by the convening authority excusing three court members and replacing them with three other members. No amended convening order was prepared to reflect this change, and trial counsel did not refer to this matter in announcing the convening of the court-martial. On 27 September 2011, the convening authority ordered a post-trial hearing pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), to address this matter. The defense moved for a new trial at this post-trial hearing, and the military judge granted the motion. The military judge specified that the petitioner could not be retried on the two specifications of which he found the petitioner not guilty. At the new trial before a different military judge, the petitioner pled guilty, pursuant to a pretrial agreement, to the same specifications of which he had been previously found guilty. One term of the pretrial agreement required that the convening authority approve no more than 83 days of confinement, to match the amount of confinement the petitioner had already served and for which he was to receive credit.

Air Force.  On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 et seq.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

The petitioner submitted an assignment of errors to this Court in June 2012.  He assigned only one error, which asserted the convening authority did not consider a post-trial clemency submission before taking action.  After the Government submitted an affidavit from the staff judge advocate demonstrating that the convening authority did consider this clemency submission, we issued a decision on 25 March 2013 affirming the findings and sentence.  Mr. Soybel took part in the decision, pursuant to the purported appointment by The Judge Advocate General.  We later vacated this decision on our own motion and reconsidered this matter.  On 16 July 2013, we issued a decision upon reconsideration, again affirming the findings and sentence.  Mr. Soybel again took part in the decision, this time pursuant to the purported appointment by the Secretary of Defense. *United States v. Roy*, ACM 38089 (A.F. Ct. Crim. App. 16 July 2013) (unpub. op.).  The petitioner sought review that same day from our superior court, the United States Court of Appeals for the Armed Forces.  The petitioner submitted the case to our superior court "on its merits" without assigning any specific error, including the matter of Mr. Soybel's participation in this decision.  The petition for grant of review was denied on 19 August 2013.  *United States v. Roy*, 72 M.J. 470 No. 13-0646/AF (Daily Journal 19 August 2013).

On 15 April 2014, our superior court issued a decision in another case, ruling that the Secretary of Defense did not have the legislative authority to appoint appellate military judges under the Constitution's Appointments Clause,[2] and therefore his appointment of Mr. Soybel to this Court was "invalid and of no effect." *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014).  The petition for extraordinary relief in the instant case followed.  In a short submission, the petitioner contends he was denied proper Article 66, UCMJ, review by virtue of Mr. Soybel's participation in the decision, and therefore this Court should issue the writ.  The Government opposes the petition for extraordinary relief.

*Law*

"Courts-martial are . . .  subject to collateral review within the military justice system."  *Denedo v. United States* (*Denedo I*), 66 M.J. 114, 119 (C.A.A.F. 2008), *aff'd and remanded*, *United States v. Denedo* (*Denedo II*), 556 U.S. 904 (2009).  This Court is among the courts authorized under the All Writs Act to issue "all writs necessary or

---

[2] U.S. CONST. art. II, § 2, cl. 2.

appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013).

A petition for extraordinary relief under the All Writs Act requires this Court to make two determinations: (1) whether the requested writ is "in aid of" this Court's existing jurisdiction; and (2) whether the requested writ is "necessary or appropriate." *LRM*, 72 M.J. at 367-68. Concerning the first determination, the "express terms" of the All Writs Act "confine [our] power to issuing process 'in aid of' [our] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (citations omitted). Therefore, the All Writs Act is not an independent grant of appellate jurisdiction, and it cannot enlarge a court's jurisdiction. *Id.* Likewise, the Act does not grant this Court authority "to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536. However:

> [W]hen a petitioner seeks collateral relief to modify an action that was taken within the subject matter jurisdiction of the military justice system, such as the findings or sentence of a court-martial, a writ that is necessary or appropriate may be issued under the All Writs Act "in aid of" the court's existing jurisdiction.

*Denedo I*, 66 M.J. at 120.

Concerning the second determination, a writ is not "necessary or appropriate" if another adequate legal remedy is available. *See Goldsmith*, 526 U.S. at 537 (holding that even if our superior court had some jurisdictional basis to issue a writ of mandamus, such writ was unjustified as necessary or appropriate in light of alternative remedies available to a servicemember demanding to be kept on the rolls). *See also Denedo I*, 66 M.J. at 121 (citing *Loving v. United States*, 62 M.J. 235, 253-54 (C.A.A.F. 2005)).

A writ of error coram nobis may be utilized to "remedy an earlier disposition of a case that is flawed because the court misperceived or improperly assessed a material fact." *McPhail v. United States*, 1 M.J. 457, 459 (C.M.A. 1976). Coram nobis encompasses constitutional and other fundamental errors, including the denial of fundamental rights accorded by the UCMJ. *Garrett v. Lowe*, 39 M.J. 293, 295 (C.M.A. 1994); *United States v. Bevilacqua*, 39 C.M.R. 10, 12 (C.M.A. 1968). This writ authority extends past the point at which a court-martial conviction becomes final under Article 76, UCMJ, 10 U.S.C. § 876. *Denedo I*, 66 M.J. at 121-25. However, coram nobis "should only be used to remedy 'errors of the most fundamental character.'" *Loving*, 62 M.J. at 252-53 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). In order to obtain a writ of error coram nobis, a petitioner must meet the following "stringent threshold requirements":

(1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo I*, 66 M.J. at 126. If the petitioner meets these threshold requirements for a writ of error coram nobis, this Court may consider issuing the writ, keeping in mind that "the petitioner must establish a clear and indisputable right to the requested relief." *Id.* (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)).

*Discussion*

We answer in the affirmative the threshold questions of whether the requested writ is "in aid of" our existing jurisdiction and whether the requested writ is "necessary or appropriate." However, we hold that the petitioner is not entitled relief under the "stringent threshold requirements" established for issuance of the writ of error coram nobis.

The petitioner elected not to raise the issue to our superior court regarding Mr. Soybel's participation in the decision, even though the Secretary of Defense's purported appointment of Mr. Soybel took place about three weeks prior to our decision and the petition to our superior court. Our superior court did not issue its denial of the petition until 19 August 2013. By that time, the issue of Secretary Hagel's appointment of Mr. Soybel was very much at issue in appellate litigation. For example, the *Janssen* decision notes that the appellant in that case moved this Court to vacate our decision on 16 August 2013, asserting that the Secretary of Defense lacked the statutory authority to appoint Mr. Soybel. *Janssen*, 73 M.J. at 223. The petitioner's summary pleading provides no valid reasons why he did not seek relief on this matter earlier or any proffer as to why the issue of Mr. Soybel's appointment could not have been discovered through the exercise of reasonable diligence prior to the completion of appellate review in this matter. Therefore, the petitioner has not met the requirements for the issuance of the writ.

In addition, the de facto officer doctrine indicates the petitioner has not established a clear and indisputable right to the requested relief. The de facto officer doctrine "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of [his] appointment . . . to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180 (1995). In *United States v. Carpenter*, 37 M.J. 291 (C.M.A. 1993), *cert. granted, judgment vacated*, 515 U.S. 1138

(1995), our superior court initially applied the doctrine where the appointment of the Chief Judge of the Coast Guard Court of Military Review was later determined to not satisfy the Appointments Clause of the Constitution. In *Ryder*, the Supreme Court refused to apply the doctrine in another Coast Guard case, because the petitioner in that case challenged the composition of the Court while his case was pending before that Court on direct review. *Ryder*, 515 U.S. at 182. The Court held:

> We think that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred. Any other rule would create a disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments.

*Id.* at 182-83. The *Janssen* Court followed this *Ryder* rationale in declining to apply the de facto officer doctrine, because Senior Airman Janssen had raised the issue of Mr. Soybel's appointment to this Court in a motion to vacate after the decision was issued listing Mr. Soybel as a judge on the panel. *Janssen*, 73 M.J. at 225-26. Here, however, the petitioner made no effort to raise this issue before either this Court or our superior court despite a meaningful opportunity to do so. Therefore, the de facto officer doctrine applies, and the petitioner is not entitled to the requested relief.

Despite the fact that the petitioner has not demonstrated a basis to issue the writ, a panel of three properly-appointed judges on this Court has conducted a fresh review of the record of trial following the receipt of the petition for extraordinary relief, including the petitioner's previously-submitted assignment of errors. We took this extra step to ensure the petitioner received the full benefit of his rights under Article 66, UCMJ, and to promote a system of appellate review that is fair in reality and appearance. We independently conclude that the petitioner is not entitled to relief, the conviction is correct in law and fact, and the adjudged and approved sentence is appropriate.

*Conclusion*

The petitioner has not carried his burden to demonstrate that his case presents extraordinary circumstances warranting issuance of the writ of error coram nobis. Accordingly, it is by the Court on this 17th day of June, 2014,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is hereby **DENIED**.

Senior Judge Marksteiner, Senior Judge Hecker, and Judge Weber participated in this matter.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist