# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES,** | ) | **Misc. Dkt. No. 2014-07** |
| **Respondent** | ) | **(ACM 38205)** |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Airman First Class (E-3)** | ) | |
| **JEREME C. POWERS,** | ) | |
| **USAF,** | ) | |
| **Petitioner** | ) | **Panel No. 3** |

The petitioner requested extraordinary relief on 15 May 2014 in the nature of a writ of error coram nobis. The petitioner asks this Court to grant new appellate review of his court-martial conviction under Article 66, UCMJ, 10 U.S.C. § 866.

*Background*

The petitioner was convicted at a general court-martial in August 2012 of wrongful use, distribution, and introduction of oxymorphone, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He was sentenced to a bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority reduced the amount of confinement to 10 months, in accordance with the terms of a pretrial agreement, but approved the remainder of the sentence as adjudged.

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 et seq.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

The petitioner submitted this case to this Court "on the merits" without raising any specific assignments of error. This Court returned the case to the convening authority on 8 May 2013 because we determined the original Action was ambiguous. After we

received a substituted Action that addressed the ambiguity, counsel for the petitioner notified this Court that the petitioner did not wish to submit any additional matters. Accordingly, we issued a decision on 25 July 2013 affirming the findings and sentence. Mr. Soybel took part in the decision, pursuant to the purported appointment by the Secretary of Defense. *United States v. Powers*, ACM 38205 (A.F. Ct. Crim. App. 25 July 2013) (unpub. op.). The petitioner elected not to seek review of our decision by our superior court.

On 15 April 2014, our superior court issued a decision in another case, ruling that the Secretary of Defense did not have the legislative authority to appoint appellate military judges under the Constitution's Appointments Clause,[*] and therefore his appointment of Mr. Soybel to this Court was "invalid and of no effect." *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014). The petition for extraordinary relief in the instant case followed. In a short submission, the petitioner contends he was denied proper Article 66, UCMJ, review by virtue of Mr. Soybel's participation in the decision, and therefore this Court should issue the writ. The Government opposes the petition for extraordinary relief.

*Law*

"Courts-martial are . . . subject to collateral review within the military justice system." *Denedo v. United States* (*Denedo I*), 66 M.J. 114, 119 (C.A.A.F. 2008), *aff'd and remanded*, *United States v. Denedo* (*Denedo II*), 556 U.S. 904 (2009). This Court is among the courts authorized under the All Writs Act to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013).

A petition for extraordinary relief under the All Writs Act requires this Court to make two determinations: (1) whether the requested writ is "in aid of" this Court's existing jurisdiction; and (2) whether the requested writ is "necessary or appropriate." *LRM*, 72 M.J. at 367-68. Concerning the first determination, the "express terms" of the All Writs Act "confine [our] power to issuing process 'in aid of' [our] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (citations omitted). Therefore, the All Writs Act is not an independent grant of appellate jurisdiction, and it cannot enlarge a court's jurisdiction. *Id.* Likewise, the Act does not grant this Court authority "to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536. However:

> [W]hen a petitioner seeks collateral relief to modify an action that was taken within the subject matter jurisdiction of the military justice system,

---

[*] U.S. CONST. art. II, § 2, cl. 2.

such as the findings or sentence of a court-martial, a writ that is necessary or appropriate may be issued under the All Writs Act "in aid of" the court's existing jurisdiction.

*Denedo I*, 66 M.J. at 120.

Concerning the second determination, a writ is not "necessary or appropriate" if another adequate legal remedy is available. *See Goldsmith*, 526 U.S. at 537 (holding that even if our superior court had some jurisdictional basis to issue a writ of mandamus, such writ was unjustified as necessary or appropriate in light of alternative remedies available to a servicemember demanding to be kept on the rolls). *See also Denedo I*, 66 M.J. at 121 (citing *Loving v. United States*, 62 M.J. 235, 253-54 (C.A.A.F. 2005)).

A writ of error coram nobis may be utilized to "remedy an earlier disposition of a case that is flawed because the court misperceived or improperly assessed a material fact." *McPhail v. United States*, 1 M.J. 457, 459 (C.M.A. 1976). Coram nobis encompasses constitutional and other fundamental errors, including the denial of fundamental rights accorded by the UCMJ. *Garrett v. Lowe*, 39 M.J. 293, 295 (C.M.A. 1994); *United States v. Bevilacqua*, 39 C.M.R. 10, 12 (C.M.A. 1968). This writ authority extends past the point at which a court-martial conviction becomes final under Article 76, UCMJ, 10 U.S.C. § 876. *Denedo I*, 66 M.J. at 121-25. However, coram nobis "should only be used to remedy 'errors of the most fundamental character.'" *Loving*, 62 M.J. at 252-53 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). In order to obtain a writ of error coram nobis, a petitioner must meet the following "stringent threshold requirements":

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo I*, 66 M.J. at 126. If the petitioner meets these threshold requirements for a writ of error coram nobis, this Court may consider issuing the writ, keeping in mind that "the petitioner must establish a clear and indisputable right to the requested relief." *Id.* (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)).

*Discussion*

We answer in the affirmative the threshold questions of whether the requested writ is "in aid of" our existing jurisdiction and whether the requested writ is "necessary or appropriate." However, we hold that the petitioner is not entitled relief under the "stringent threshold requirements" established for issuance of the writ of error coram nobis.

The petitioner elected not to seek our superior court's review of our decision in this matter, even though the Secretary of Defense's purported appointment of Mr. Soybel took place one month prior to our decision. Under our superior court's rules, the petitioner had up to 60 days to petition for grant of review following the date on which he was notified of our decision. In other words, he had at least until late September to raise the issue of Mr. Soybel's appointment to our superior court. C.A.A.F. R. PRAC. AND PROC. 19(a) (27 February 1996, as amended through 1 September 2013). By late September 2013, the issue of Secretary Hagel's appointment of Mr. Soybel was very much at issue in appellate litigation. For example, the *Janssen* decision notes that the appellant in that case moved this Court to vacate our decision on 16 August 2013, asserting that the Secretary of Defense lacked the statutory authority to appoint Mr. Soybel. *Janssen*, 73 M.J. at 223. The petitioner's summary pleading provides no valid reasons why he did not seek relief on this matter earlier or any proffer as to why the issue of Mr. Soybel's appointment could not have been discovered through the exercise of reasonable diligence prior to the completion of appellate review in this matter. Therefore, the petitioner has not met the requirements for the issuance of the writ.

In addition, the de facto officer doctrine indicates the petitioner has not established a clear and indisputable right to the requested relief. The de facto officer doctrine "confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of [his] appointment . . . to office is deficient." *Ryder v. United States*, 515 U.S. 177, 180 (1995). In *United States v. Carpenter*, 37 M.J. 291 (C.M.A. 1993) *cert. granted*, *judgment vacated*, 515 U.S. 1138 (1995), our superior court initially applied the doctrine where the appointment of the Chief Judge of the Coast Guard Court of Military Review was later determined to not satisfy the Appointments Clause of the Constitution. In *Ryder*, the Supreme Court refused to apply the doctrine in another Coast Guard case, because the petitioner in that case challenged the composition of the Court while his case was pending before that Court on direct review. *Ryder*, 515 U.S. at 182. The Court held:

> We think that one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred. Any other rule would create a

disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments.

*Id.* at 182-83. The *Janssen* Court followed this *Ryder* rationale in declining to apply the de facto officer doctrine, because Senior Airman Janssen had raised the issue of Mr. Soybel's appointment to this Court in a motion to vacate, after the decision was issued listing Mr. Soybel as a judge on the panel. *Janssen*, 73 M.J. at 225-26. Here, however, the petitioner made no effort to raise this issue to the attention of either this Court or our superior court despite a meaningful opportunity to do so. Therefore, the de facto officer doctrine applies, and the petitioner is not entitled to the requested relief.

Despite the fact that the petitioner has not demonstrated a basis to issue the writ, a panel of three properly-appointed judges on this Court has conducted a fresh review of the record of trial following the receipt of the petition for extraordinary relief. We took this extra step to ensure the petitioner received the full benefit of his rights under Article 66, UCMJ, and to promote a system of appellate review that is fair in reality and appearance. We independently conclude that the petitioner is not entitled to relief, the conviction is correct in law and fact, and the adjudged and approved sentence is appropriate.

*Conclusion*

The petitioner has not carried his burden to demonstrate that his case presents extraordinary circumstances warranting issuance of the writ of error coram nobis. Accordingly, it is by the Court on this 17th day of June, 2014,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is hereby **DENIED**.

Senior Judge Marksteiner, Judge Mitchell, and Judge Weber participated in this matter.

FOR THE COURT

LAQUITTA J. SMITH
Appellate Paralegal Specialist